698 So.2d 260 (1997)
Cecil LANE, et al., Appellants,
v.
Lawton M. CHILES, etc., et al., Appellees.
No. 88609.
Supreme Court of Florida.
August 21, 1997.
*262 Frank J. Santry and Victoria E. Heuler of Granger, Santry, Mitchell & Heath, P.A., Tallahassee, for Appellants.
Robert A. Butterworth, Attorney General and Jonathan A. Glogau, Assistant Attorney General, Tallahassee; M.B. Adelson IV and Andrew J. Baumann, Assistant General Counsels, Tallahassee, on behalf of Florida Department of Environmental Protection; Richard Blaylock and David Guest of Sierra Club Legal Defense Fund, Tallahassee, on behalf of Florida Wildlife Federation; Terry L. McCollough of Terry L. McCollough, P.A., Orlando, on behalf of Florida Conservation Association, for Appellees.
PER CURIAM.
We have for review a final summary judgment of the Circuit Court in Leon County, upholding the constitutionality of article X, section 16, of the Florida Constitution, limiting marine net fishing. The First District Court of Appeal certified the trial court order to be of great public importance, requiring immediate resolution by this Court. We have jurisdiction. Art. V, Sec. 3(b)(5), Fla. Const. We affirm.
In November 1994, article X, section 16, known as the "net ban" amendment, was adopted through an initiative petition. Eight months after the amendment was passed, but immediately prior to its effective date, Cecil Lane and four other individuals engaged in the business of commercial net fishing brought an action in circuit court challenging its validity on both procedural and substantive grounds. On cross motions for summary judgment, the trial court applied the rational basis test in analyzing Lane's claims, finding there were no fundamental rights or suspect classes involved. The trial court found that the amendment does not violate Lane's rights under the due process, equal protection, or impairment of contract clauses of the Florida or Federal Constitutions; that there is no legal restraint on the subject matter of a constitutional amendment in Florida except for the single-subject rule; that the time had passed for Lane to challenge the sufficiency of the ballot summary; and that the ballot summary meets the requirements of Florida law.
Lane argues that the trial court erred in applying the rational basis test rather than the strict scrutiny standard to review the amendment's validity. We disagree. As the trial court explained in its order,
[a]n analysis of the constitutionality of Article X Section 16 must begin with the proposition that all legislative enactments are presumed to be valid. State v. Kinner, 398 So.2d 1360 (Fla.1981). A party challenging the constitutionality of an enactment has a heavy burden to show that it is invalid. Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla.1964). Generally, a state statute must be upheld if it meets the rational relationship test; that is, if there is any reasonable relationship between the act and the furtherance of a valid governmental objective. Fraternal Order of Police v. Dep't of State, 392 So.2d 1296 (Fla.1980); Johns v. May, 402 So.2d 1166 (Fla.1981).
The plaintiffs argue that this case should be subject to a higher standard of scrutiny because the restriction in question was adopted as a result of a constitutional initiative and not as a part of the deliberative process of enacting laws in the Florida Legislature. There is no precedent for this argument and the court concludes that *263 it does not pass the test of common sense. It is illogical to conclude that the people of Florida have greater protection in the legislative process where they participate indirectly through their representatives, than they do in the constitutional initiative process where they can participate directly by their casting their own votes. Moreover, the Florida Constitution is the supreme law of Florida, and, as such, it takes precedence over any contrary provisions of the common law or statutes. Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769 (1914); Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994). If a constitutional amendment is a higher authority than a state statute, it stands to reason that it is entitled to an even greater degree of deference from the courts.
We agree with the trial court's reasoning. In most cases the rational basis standard is used to test the constitutional validity of a state statute.[1] It follows logically that the same test would be used to determine the validity of a constitutional amendment adopted through the initiative process. In exceptional cases, where actions by the state abridge some fundamental right or adversely affect a suspect class, the strict scrutiny standard should be applied. Lite, 617 So.2d at 1060 n. 2. Because fishing is not a fundamental right,[2] and commercial fishermen do not constitute a suspect class,[3] the rational basis test rather than the strict scrutiny standard applies in the instant case. Thus, article X, section 16, must be upheld if it bears a reasonable relationship to a permissible governmental objective, and is not discriminatory, arbitrary, or oppressive. See 617 So.2d at 1059-60.
Lane also claims that the amendment constitutes special interest legislation and is improper subject matter for inclusion in the Florida Constitution. We disagree. This Court has stated that
the people can by initiative amend any "portion or portions" of the Constitution in any way that they see fit, provided that the amendment brought to vote by an initiative petition confines itself to a single subject matter.
Smathers v. Smith, 338 So.2d 825, 827 (Fla.1976)(emphasis added). There is no limitation on matters which can be the subject of a constitutional amendment in Florida; thus, Lane's claim is without merit.
Lane next argues that the amendment is unconstitutional because it deprives him of his right to due process of law. He claims that he and other fishermen have been deprived of a fundamental liberty interest[4] and property interest[5] and that his personal property has been taken without just compensation.[6] We find no merit to these claims. To comply with the constitutional guarantee of due process under the rational basis standard, the amendment must bear a reasonable relationship to a permissible governmental objective. See Lite, 617 So.2d at 1059. We hold that the net ban amendment seeks to protect the state's natural resources which is a valid state objective, and the amendment's limitation on the types and sizes of nets that can be used to fish in Florida waters is rationally related to that goal and does not constitute a taking.
*264 As to Lane's assertion that he has been deprived of his right to due process in a liberty or property interest, we disagree and approve of the trial court's analysis and conclusion:
[A] state regulation violates a protected liberty interest if it completely interferes with the right to engage in a lawful occupation. Fraternal Order of Police v. Department of State, 392 So.2d 1296 (Fla. 1980). However, that is not the case with respect to Article X Section 16. The amendment satisfies the rational basis test in that it serves to accomplish a legitimate governmental objective. The amendment is designed to conserve marine resources and it attempts to meet that objective by a reasonable regulation on commercial fishing. While citizens of differing views could argue the wisdom of the amendment, it would be hard to say that the amendment is without any rational basis.
Moreover, the amendment does not completely prevent the plaintiffs from engaging in their chosen occupation. Commercial fishermen can still fish with nets beyond the territorial limits set by the amendment and they can still fish with nets of a smaller size within the territorial limits. Article X, Section 16 is widely known as the "net ban amendment" but despite this reference the amendment does not actually ban all net fishing. It is more accurate to say the amendment restricts certain methods of net fishing.
... Article X, Section 16 is a valid exercise of the police power and it operates uniformly to prohibit all persons from using certain kinds of fishing equipment in certain areas of the State waters. It does not set arbitrary restrictions that apply only to some persons or classes of persons and not others.
Furthermore, the amendment does not prohibit all possible uses for the property and equipment in question. State statutes that limit fishing seasons, restrict permitted gear, and define certain zones for particular activities have been upheld. See State v. Perkins, 436 So.2d 150 (Fla. 2d DCA 1983). The State clearly has an interest in preserving and protecting the resources of the State, which are commonly owned by the people, and restrictions on the harvest of marine fish does not constitute a taking of property from particular individuals.
We also reject Lane's contention that the amendment is unconstitutional on equal protection grounds. Lane argues that the amendment unequally burdens him and the other fishermen by making an irrational distinction between commercial fishermen and sport fishermen. We again agree with the trial court's analysis and conclusion:
The amendment does not seek to punish anyone nor does it seek to single out particular kinds of fishermen. Rather, the restriction established by the amendment relates only to particular kinds of fishing equipment.
Likewise, the distinction between the east coast of Florida and west coast does not render the law unconstitutional. This distinction can be explained by the difference in the extent of sovereign waters on the differing coasts. Therefore, the court concludes that Article X, Section 16 does not violate the plaintiff's rights to equal protection under the laws.
Finally, Lane challenges article X, section 16, on the grounds that the ballot summary did not properly inform the citizens of the effect of the amendment. Lane argues that the ballot summary was insufficient because it failed to fairly advise voters that regulations governing fishing nets already existed; that the limitations on non-entangling nets would prohibit the use of purse seines; that Florida's commercial mullet fishery would be eliminated; that fishermen on the east coast of Florida would receive more favorable treatment than fishermen on the west coast; that commercial fishing property would be taken to serve a public purpose and would require public compensation; and that the amendment would negatively impact only licensed commercial fishermen and would actually benefit sport and recreational fishermen.
*265 We find this claim to be untimely and without merit. In addition to the fact that this Court specifically approved the ballot summary,[7] the general rule is that a challenge to the form of a proposed amendment must be made before the amendment is adopted. Sylvester v. Tindall, 154 Fla. 663, 18 So.2d 892 (1944). Lane filed this challenge on June 20, 1995, eight months after the amendment was adopted by a vote of the people and less than two weeks before the amendment was to be effective on July 1, 1995.
Accordingly, we affirm the judgment of the trial court and hold that article X, section 16, is constitutional.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in result only.
NOTES
[1] Lite v. State, 617 So.2d 1058, 1059-60 (Fla. 1993).
[2] LaBauve v. Louisiana Wildlife & Fisheries Comm'n, 444 F.Supp. 1370, 1382 (E.D.La.1978)(holding that the property interest in confiscated fishing nets and the property and liberty interests in the pursuit of a livelihood are not fundamental interests requiring strict scrutiny); Sisk v. Texas Parks & Wildlife Dep't, 644 F.2d 1056, 1058 n. 5 (5th Cir.1981)(holding that fishing is not a fundamental right).
[3] Sisk, 644 F.2d at 1058 n. 5 (holding that the class of commercial fishermen is not a suspect class which would subject the state's disparate treatment of them to strict scrutiny). "[C]lassifications based on alienage, like those based on nationality or race, are inherently suspect," Graham v. Ramani, 383 So.2d 634, 635 (Fla. 1980), because they are groups that "have been the traditional targets of irrational, unfair and unlawful discrimination." Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 251 (Fla.1987).
[4] right to engage in a lawful occupation
[5] right to possess and enjoy private property, i.e., fishing nets
[6] fishing nets
[7] Advisory Opinion to the Attorney GeneralLimited Marine Net Fishing, 620 So.2d 997, 999 (Fla.1993).