714 So.2d 538 (1998)
Paul RICKMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3415.
District Court of Appeal of Florida, Fifth District.
June 19, 1998.
*539 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant was required to register under the Florida Sexual Predators Act, Sec. 775.21, F.S. (Supp.1996), after an earlier second conviction for unlawful sexual acts. He contends that this requirement, as well as the additional requirements of the amendments to that statute in 1997 (sec.775.21, F.S.(1997)) constitute ex post facto punishment as well as double jeopardy. This court has previously held that the registration requirement of sec. 775.21, F.S. (Supp.1996) are procedural and regulatory in nature and do not constitute punishment. Fletcher v. State, 699 So.2d 346 (Fla. 5th DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998). So, too, are the 1997 amendments which require law enforcement agencies to post the names and addresses of sexual predators on the internet, regulatory and procedural in nature. The requirement that registered sexual predators secure new driver's licenses or identification cards within 10 days of a change of address and to pay the cost thereof do not constitute an ex post facto imposition of costs, for the reason that all holders of driver's licenses are subject to the same regulatory requirements. Sec. 322.19(2), F.S. (1997).
AFFIRMED.
W. SHARP and PETERSON, JJ., and ORFINGER, M., Senior Judge, concur.