832 So.2d 923 (2002)
Matthew J. FREELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1075.
District Court of Appeal of Florida, First District.
December 19, 2002.
Fred M. Johnson, Fuller, Johnson, and Farrell, PA., Tallahassee for Appellant.
Richard E. Doran, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The registration and reporting requirements of Section 943.0435, Florida Statutes (2000) are regulatory and procedural in nature and do not violate the ex post facto clause. See Simmons v. State, 753 So.2d 762 (Fla. 4th DCA 2000) (holding that section 943.0435, Florida Statutes, does not violate ex post facto clause as it neither alters the definition of criminal conduct nor constitutes punishment). See also Westerheide v. State, 831 So.2d 93, 102-04 (Fla.2002) (holding that the Jimmy Ryce Act is not punitive in nature and does not violate ex post facto clause); Gonzalez v. State, 808 So.2d 1265 (Fla. 3d DCA 2002) (holding that the reporting requirements as well as the notification requirements of Florida's Sexual Predator Act are regulatory and procedural in nature and do not violate the ex post facto clause); Rickman v. State, 714 So.2d 538 (Fla. 5th DCA 1998) (holding that registration requirement of Florida's Sexual Predator Act is procedural and regulatory in nature and does not constitute punishment in violation of ex post facto clause).
AFFIRMED.
BARFIELD, MINER and POLSTON, JJ., concur.