859 So.2d 585 (2003)
John Richard THERRIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3403.
District Court of Appeal of Florida, First District.
November 25, 2003.
Charles V. Peppler of Vernis & Bowling of Northwest Florida, Pensacola, for Appellant.
Charlie Crist, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
*586 BOOTH, J.
This cause arises from an appeal of a post-judgment order designating Appellant as a sexual predator pursuant to section 775.21, Florida Statutes (2000), as amended effective October 1, 1998.[1]
The order on review addressed the October 1998 amendment to the Florida Sexual Predator Act ("Florida Act"). The trial court found the amendment's expansion of the sexual predator criteria, to include attempted sexual battery as a qualifying felony and permit sexual predator status without a predicate conviction, was procedural. Therefore, the trial court concluded that the 1998 amendment to the Florida Act could be applied retroactively to Appellant's August 1997 convictions for attempted sexual battery upon a person less than 12 years old and lewd and lascivious assault upon a child less than 16 years old. The trial court also held that the Florida Act does not violate separation of powers.
On appeal, Appellant argues that the Florida Act violates separation of powers and procedural due process requirements. Appellant also challenges the retroactive application of the amended Florida Act to him. We affirm Appellant's designation as a sexual predator and hold that the Florida Act is constitutional and was properly applied retroactively to Appellant.
The Florida Act provides that those meeting the criteria of "sexual predator" are subject to registration and notification requirements and to certain employment restrictions. Thus, "sexual predators" must register with the Florida Department of Law Enforcement within 48 hours of being released from a correctional or treatment facility and within 48 hours of entering a county to take up residence. § 775.21(6), Fla. Stat. (2000). The Florida Act also requires that local law enforcement agencies notify the public of each registered sexual predator's name, appearance, address, and certain details of the offense, including whether the victim was a minor. § 775.21(7), Fla. Stat. (2000). Finally, the Florida Act prohibits certain sexual predators from obtaining employment that affords access to children. § 775.21(10)(b), Fla. Stat. (2000).
In March 2003, the United States Supreme Court rendered its decisions in Connecticut Dep't of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), and Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), addressing the constitutionality of sexual predator acts in Connecticut and Alaska. In Connecticut, supra, at 1163, the United States Supreme Court explicitly rejected the defendant's argument that the registration and notification requirements of the Connecticut statute violated procedural due process. The United States Supreme Court held, in pertinent part, as follows:
[E]ven assuming, arguendo, that the respondent has been deprived of a liberty interest, due process does not entitle him to a hearing to establish a fact that is not material under the Connecticut statute.... [T]he fact that respondent seeks to provethat he is not currently dangerousis of no consequence under *587 Connecticut's Megan's Law.... [T]he law's requirements turn on an offender's conviction alonea fact that a convicted offender has already had a procedurally safeguarded opportunity to contest. No other fact is relevant to the disclosure of registrant's information.

Connecticut, supra, at 1164 (citations omitted) (emphasis supplied). In Smith, supra, at 1154, the United States Supreme Court upheld the constitutionality of the Alaska Sex Offender Registration Act, requiring registration and publication of sex offender information. The Court held that the Act was nonpunitive and did not violate the Ex Post Facto Clause. Smith, supra, at 1152.
In the instant case, Appellant's conviction is the only material fact necessary for the imposition of the requirements of section 775.21.[2] Appellant does not challenge the hearing afforded on his plea nor the opportunity allowed to contest his conviction. Appellant is not entitled to a separate hearing to prove that he does not pose a danger or threat to society.
As with the registration and notification requirements, the only material fact relevant to an employment restriction for sexual predators is a conviction involving minors. Therefore, in the present case, the only material fact for imposition of the employment restrictions is Appellant's conviction of an offense involving a minor. Accordingly, we hold that section 775.21 does not violate Appellant's rights to procedural due process under the state or federal constitutions. Accord Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2003) (holding that, based on the United States Supreme Court decision in Connecticut, the Florida Act does not violate procedural due process requirements). But see Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003) (holding that the Florida Act was distinguishable from the statutes in Smith and Connecticut and, therefore, violated procedural due process and certifying conflict with Milks).
Appellant correctly argues that an amendment that creates new rights or liabilities is presumed to apply prospectively. The presumption does not apply, however, where, as here, the Legislature has clearly stated an intent that the Act apply retroactively. See Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106 (Fla.1996). Section 775.21(4), Florida Statutes (2000), provides that the Act applies to offenses "committed on or after October 1, 1993."
Once the statute shows a clear intent for retroactive application, the second inquiry is "whether retroactive application is constitutionally permissible." Metropolitan Dade County v. Chase Fed. Hous. Corp., 737 So.2d 494, 499 (Fla.1999). We hold that the retroactive application of section 775.21 is constitutionally permissible because the statute does not violate the procedural due process clauses of the state and federal constitutions.[3]Connecticut, supra; Smith, supra. Therefore, the trial court did not err in applying section 775.21(4), as amended, to Appellant.
We affirm Appellant's remaining arguments on appeal without further discussion. We certify the following question as a question of great importance:

*588 WHETHER THE RETROACTIVE APPLICATION OF THE PERMANENT EMPLOYMENT RESTRICTIONS OF SECTION 775.21(10)(b), FLORIDA STATUTES (2000), TO A DEFENDANT CONVICTED AND QUALIFIED AS A SEXUAL PREDATOR, WITHOUT A SEPARATE HEARING ON WHETHER SUCH DEFENDANT CONSTITUTES A DANGER OR THREAT TO PUBLIC SAFETY, VIOLATES PROCEDURAL DUE PROCESS.
AFFIRMED.
VAN NORTWICK, J., CONCURS; BENTON, J., DISSENTS WITH WRITTEN OPINION.
BENTON, J., dissenting.
The present case asks the question whether a person never adjudicated guilty of any crime can nevertheless constitutionally be precluded for life from working anywhere children regularly congregate, without being afforded an opportunity to show that doing so would pose no danger to the public safety. In my judgment, the answer to this question is no, and I respectfully dissent from the judgment of the court for that reason.
Appellant was arrested and charged as a juvenile for offenses that allegedly took place in November of 1996, when he was sixteen. Eventually prosecuted as an adult, he entered pleas of nolo contendere to two second degree felonies: attempted sexual battery by a person under eighteen years of age upon a person under twelve years of age, in violation of section 794.011(2)(b), Florida Statutes (1995), and lewd and lascivious assault upon (apparently the same) child less than sixteen years of age, in violation of section 800.04, Florida Statutes (1995).
An able and highly experienced trial judge decided against adjudicating appellant guilty of any criminal offense, no doubt in the hope that appellant had learned his lesson and would one day become a contributing member of society. The trial court withheld adjudication of guilt on both counts, and imposed concurrent five-year probationary terms conditioned on a county jail sentence of eleven months and fifteen days, which was suspended.
On October 6, 2000, the state filed its amended motion for an order finding that appellant qualified as a sexual predator under the Florida Sexual Predators Act. The motion relied on amendments enacted after appellant had allegedly committed the offenses nearly four years earlier.[4] After a hearing on the motion, the trial *589 court entered the order under review, finding on August 7, 2001, that appellant qualified as a sexual predator, and ordering him to register with the Florida Department of Law Enforcement.
In addition to registration and publicity requirements, the Act's prohibition against "work[ing], whether for compensation or as a volunteer, at any business, school, day care center, park, playground, or other place where children regularly congregate" precludes appellant's working in all occupations that involve interaction with children, and in many that do not. § 775.21(10)(b), Fla. Stat. (2000). The french fry cook in a fast food establishment that high school students regularly patronize, the school janitor, the day care center roofer, the park groundskeeper, and many other positions are off limits for people covered by the Act. This blanket, life-long restriction on the right to work "[any]where children regularly congregate" makes no provision for an individual to whom it applies to make a showing that his or her employment poses no threat to public safety.[5]
Appellant contends[6] that the Act's failure to afford an opportunity for individuals meeting the statutory criteria for disqualification from employment to present evidence that their employment would in fact pose no danger violates state and federal procedural due process requirements.

*590 The Fourteenth Amendment reads in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary action of government." We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.
Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 459-60, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (citations omitted). State due process requirements arise from Article I, section 9 of the Florida Constitution, which provides, "No person shall be deprived of life, liberty or property without due process of law...."
The right to pursue a career has been held to be a liberty interest protected by the Due Process Clause. See K.M.T. v. Dep't of Health & Rehab. Servs., 608 So.2d 865, 869 (Fla. 1st DCA 1992) (citing Meyer v. Nebraska, 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); State ex rel. Fulton v. Ives, 123 Fla. 401, 167 So. 394, 399 (1936)); see also Cummings v. Missouri, 71 U.S. 277, 320, 327, 18 L.Ed. 356 (1867) (deeming disqualification from ordinary and regular vocations punishment); Lane v. Chiles, 698 So.2d 260, 264 (Fla. 1997) (approving a lower court's conclusion that a "state regulation violates a protected liberty interest if it completely interferes with the right to engage in a lawful occupation"); Polakoff v. Dep't of Ins. & Treasurer, 551 So.2d 1223, 1225 (Fla. 1st DCA 1989) (stating that it is "well settled that ... the right to engage in a lawful business or occupation enjoys constitutional protection"). The decisions in Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) and Connecticut Dep't of Pub. Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003) are not to the contrary, and are readily distinguishable from the present case.
The Smith court's opinion noted the dearth of evidence that the Alaska law under consideration there "has led to substantial occupational ... disadvantages for former sexual offenders." Smith, 123 S.Ct. at 1151. In stark contrast, the Florida Sexual Predators Act imposes substantial, lifetime occupational disabilities and disadvantages as a matter of law.
The law at issue in the Connecticut case mandated nothing more than dissemination of information already a matter of public record. The Connecticut law required, moreover, a disclaimer stating that there had been "no determination that any individual included in the registry is currently dangerous." Connecticut Dep't of Pub. Safety, 123 S.Ct. at 1163. Again in stark contrast, the Florida Legislature declared, as its rationale for prohibiting people in appellant's situation from working where children regularly congregate, that they are "predators who present an extreme threat to the public safety." Ch. 96-388, § 61, at 2367, Laws of Fla.
The Florida Constitution, no less than the federal constitution, protects the right to earn a livelihood in a lawful occupation. See generally Lane, 698 So.2d at 264 (approving rejection of the assertion that the net ban amendment deprived a challenger of a due process liberty interest, in part because the ban did not completely prevent fishermen from engaging in their chosen occupation); State ex rel. Hosack v. Yocum, 136 Fla. 246, 186 So. 448, 451 (1939) ("The fundamental right to earn a livelihood in pursuing some lawful occupation is protected by the Constitution, and in fact, many authorities hold that the preservation of such right is one of the inherent or inalienable rights protected by *591 the Constitution."); Ex parte Powell, 70 Fla. 363, 70 So. 392, 396-97 (1915) (upholding a statute imposing license taxes on seafood dealers and fishing boat owners because the statute reasonably regulated state waters and did "not purport to regulate or to deny to any one the right to labor").
In addition to recognizing the general right to earn a livelihood, "various courts have specifically recognized the ability to pursue employment in the child care field as a constitutionally protected liberty interest." Dupuy v. McDonald, 141 F.Supp.2d 1090, 1133 (N.D.Ill.2001). While the right to work in one's chosen profession is not absolute, it cannot be taken away without due process of law.
Included in the right of personal liberty and the right to private property is the right to make contracts for the acquisition of property. Chief among such contracts is that of personal employment by which labor and other services are exchanged for money or other forms of property. If that right be stricken down or arbitrarily interfered with, there is a substantial impairment of liberty in the long-established constitutional sense....
While it is undoubtedly true that it is within the power of government to restrain some individuals from all contracts and all individuals from some contracts, the truth must not be ignored that a citizen's right to pursue any lawful business is "property" and the right to contract for personal services as a means for the acquisition of property is one of the privileges of a citizen of the United States of which he cannot be deprived without invading his right to liberty....
It is within the power of the Legislature to regulate some occupations and not regulate others, but private rights secured by the Constitution must not be invaded and the regulations must operate with substantial fairness upon all persons similarly situated.
State ex rel. Fulton, 167 So. at 399. Unlike the Act at issue in the present case, the statute that specifically prescribes minimum standards for child care personnel, § 402.305(2)(a) & (b), Fla. Stat. (2002), would, while presumptively disqualifying appellant as a child care worker, allow exemption from disqualification if he could show
evidence of rehabilitation, including, but not limited to, the circumstances surrounding the criminal incident for which an exemption is sought, the time period that has elapsed since the incident, the nature of the harm caused to the victim, and the history of the employee since the incident, or any other evidence or circumstances indicating that the employee will not present a danger if continued employment is allowed.
§ 435.07(3), Fla. Stat. (2002). See § 402.305(2)(b), Fla. Stat. (2002) ("The department may grant exemptions from disqualification from working with children or the developmentally disabled as provided in s. 435.07."). The Act at issue here permits no exemptions from a much more severe disqualification.
No small part of the difficulty the present case poses arises from the fact that appellant was not on notice, when he entered his plea, that he would lose the right to work where children regularly congregate, even if he could show that he could do so without threatening the public safety. This circumstance distinguishes the present case from Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2003) and Freeland v. State, 832 So.2d 923 (Fla. 1st DCA 2002).
*592 Ordinarily, not even non-penal[7] statutes can divest citizens of substantive rights retroactively. See generally Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 312 n. 8, and 315-16, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945); William Danzer & Co. v. Gulf & Ship Island R.R. Co., 268 U.S. 633, 637, 45 S.Ct. 612, 69 L.Ed. 1126 (1925); State Farm Mut. Auto. Ins. v. Laforet, 658 So.2d 55, 61 (Fla.1995). For this reason, it "is a well established rule of statutory construction that, in the absence of an express legislative statement to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively." Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106, 108 (Fla.1996). This presumption does not arise here, however, because the Legislature made clear its intention that the Act apply retrospectively (albeit only after appellant committed his offenses) when it made the Act applicable to offenses occurring "on or after October 1, 1993." § 775.21(4)(a), Fla. Stat. (2000).
Because a liberty interest warranting due process protection exists, however, "the question is not whether the statutory scheme envisions making such an individualized assessment, but whether the Due Process Clause requires it." Doe v. Williams, 167 F.Supp.2d 45, 59 (D.D.C. 2001).
If the legislation clearly expresses an intent that it apply retroactively, then the second inquiry is whether retroactive application is constitutionally permissible. See State Farm Mut. Auto. Ins. v. Laforet, 658 So.2d 55, 61 (Fla. 1995); State Dep't of Transp. v. Knowles, 402 So.2d 1155, 1158 (Fla. 1981); see also Arrow Air, Inc. v. Walsh, 645 So.2d 422, 425 n. 8 (Fla. 1994).
Metro. Dade Co. v. Chase Fed. Hous. Corp., 737 So.2d 494, 499 (Fla.1999). At issue is whether the state and federal constitutions require an opportunity for appellant to make a showing,[8] if he can, that his employmentperhaps as french fry cook, janitor, roofer or groundskeeperwould not pose a threat to public safety.
Appellant's nolo contendere pleawhich might, after all, have been a plea of convenienceto charges of misconduct alleged to have taken place six years ago should not deprive him of the opportunity "to show that he is not a danger to society *593 ..., that he is married and a father, and that he is living a normal, productive life as a citizen of Florida." Appellant's Supplemental Brief 6-7. "It is difficult to believe that the Constitution grants greater protection from unfair retroactivity to property than to human liberty." Stogner v. California, ___ U.S. ___, ___-___, 123 S.Ct. 2446, 2460-61, 156 L.Ed.2d 544 (2003). The state and federal due process clauses require that a person in appellant's position have an opportunity to demonstrate that employment he might now otherwise lawfully undertake would pose no threat to public safety.
"The statute before us is unfairly retroactive as applied to" appellant. Id. at 2461. To the extent the Act deprives him of a whole spectrum of employment opportunitiesand does so for lifewithout affording him a chance to show that he can safely be allowed to work, the Act is unconstitutional as state action that denies procedural due process guaranteed by both the state and federal constitutions.
NOTES
[1] On August 20, 1997, Appellant pleaded nolo contendere to attempted sexual battery by a person under eighteen years of age upon a person under twelve years of age, in violation of section 794.011(2), Florida Statutes, and lewd and lascivious assault upon a child less than sixteen years old, in violation of section 800.04, Florida Statutes. These crimes were alleged to have been committed in November 1996. The trial court withheld adjudication of guilt on each count and imposed concurrent five-year probationary sentences with a suspended county jail sentence of eleven months and fifteen days. On October 6, 2000, the State filed a motion seeking to qualify Appellant as a sexual predator pursuant to section 775.21, as amended on October 1, 1998.
[2] Appellant was convicted of the qualifying offenses for purposes of the Florida Act; section § 775.21(2)(c), Florida Statutes (2000) defines conviction as "a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld."
[3] In his supplemental reply brief on the procedural due process claim, Appellant explicitly disavows raising any substantive due process claim.
[4] At the time appellant allegedly committed the second degree felony offenses in violation of sections 794.011(2)(b) (attempted sexual battery by a person under eighteen years of age upon a person under twelve years of age) and 800.04 (lewd and lascivious assault upon a child less than sixteen years old), the Act did not apply to him because he had no previous conviction and the alleged felonies were not capital, life or first-degree.

(c) For a current offense committed on or after October 1, 1996, upon conviction, an offender shall be designated as a "sexual predator" ... if:
1 .... the felony is:
a. A capital, life, or first degree felony violation of chapter 794 ... or
b. Any second degree or greater felony violation of chapter 794, [or] s. 800.04... and the offender has previously been convicted of or found to have committed, or has pled nolo contendere or guilty to, regardless of adjudication, any violation of s. 794.011(2) ... [or] s. 800.04....
§ 775.21(4)(c), Fla. Stat. (Supp.1996). Effective October 1, 1998, the Legislature amended the statute to add a third category of qualifying crimes, if committed on or after October 1, 1996, viz.: "An attempt to commit a capital, life, or first-degree felony violation of chapter 794, where the victim is a minor, or a violation of a similar law of another jurisdiction." Ch. 98-81, § 3, at 591, Laws of Fla. (codified as § 775.21(4)(c)1.b., Fla. Stat. (Supp.1998)) (emphasis supplied).
Chapter 98-81 broadened the reach of the statute so that appellant's plea of nolo contendere to attempted sexual battery by a person under eighteen years of age upon a person under twelve years of age qualified him as a sexual predator. See § 794.011(2)(b), Fla. Stat. (1995).
In addition, by the time the state sought his designation as a sexual predator, the Act had again been amended, Ch.2000-207, § 1, at 2052-53, Laws of Fla., this time to provide:
(a) For a current offense committed on or after October 1, 1993, upon conviction, an offender shall be designated as a "sexual predator" ... if:
1. The felony is:
a. A capital, life, or first-degree felony violation, or any attempt thereof, of s. 787.01 or s. 787.02, where the victim is a minor and the defendant is not the victim's parent, or of chapter 794, s. 800.04, or s. 847.0145, or a violation of a similar law of another jurisdiction; or
b. Any felony violation, or any attempt thereof, of ... s. 800.04. ...
§ 775.21(4)(a), Fla. Stat. (2000) (emphasis supplied). By the time appellant was designated a sexual predator, the amended statute made each of his alleged offenses (retroactively) qualifying.
[5] The Legislature amended the original Act in 1996, Ch. 96-388, § 61, at 2368, Laws of Fla. (codified at § 775.21(3)(b)5., Fla. Stat. (Supp. 1996)), stating an intent to "[p]rohibit[] sexual predators from working with children, either for compensation or as a volunteer," and providing:

A sexual predator who has been convicted of or found to have committed, or has pled nolo contendere or guilty to, regardless of adjudication, any violation of s. 794.011(2), (3), (4), (5), or (8), s. 794.023, s. 800.04, s. 827.071, s. 847.0133, or s. 847.0145, or of a similar law of another jurisdiction, when the victim of the offense was a minor, and who works, whether for compensation or as a volunteer, at any business, school, day care center, park, playground, or other place where children regularly congregate, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Ch. 96-388, § 61, at 2374, Laws of Fla. (originally codified at § 775.21(9)(b), Fla. Stat. (Supp.1996), now codified at § 775.21(10)(b), Fla. Stat. (2002)).
[6] Appellant argued in his initial brief that the Act creates an unconstitutional, irrebuttable presumption that he is a public menace by automatically and irrevocably designating him a sexual predator without any inquiry as to whether or not he poses a danger to society in fact. In his supplemental brief, appellant argues that the Act violates procedural due process with more specificity.
[7] Appellant proceeds on the explicit assumption that the Act is a civil, not a criminal, statute, and that "sexual predator designation is not a sentence or punishment, but is a regulatory act done for remedial purposes." State v. Colley, 744 So.2d 1172, 1174 (Fla. 2d DCA 1999). See Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). Florida courts considering the issue had all seemingly concluded that sexual predator "designation is neither a sentence nor a punishment." Kelly v. State, 795 So.2d 135, 138 (Fla. 5th DCA 2001). See Gonzalez v. State, 808 So.2d 1265, 1266 (Fla. 3d DCA 2002) (rejecting appellant's argument that the Florida Sexual Predators Act imposes punishment ex post facto); Rickman v. State, 714 So.2d 538, 539 (Fla. 5th DCA 1998) (same); Collie v. State, 710 So.2d 1000, 1009-11 (Fla. 2d DCA 1998) (same). For a discussion of the procedural consequences of this characterization, see Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003).
[8] In Espindola v. State, 855 So.2d 1281, 1289-91 (Fla. 3d DCA 2003), the Third District held that such an opportunity is constitutionally required, without regard to retroactivity. The Fourth District held to the contrary in Reyes v. State, 854 So.2d 816, 817 (Fla. 4th DCA 2003). See also White v. State, __ So.2d __, __, 2003 WL 22399730, at *1 (Fla. 4th DCA Oct.22, 2003) (following Reyes); Luda v. State, 860 So.2d 457, 458, 2003 WL 22336133, at *1 (Fla. 4th DCA Oct.15, 2003) (same); Jones v. State, 855 So.2d 715, 715 (Fla. 4th DCA 2003) (same); Carver v. State, 854 So.2d 272, 272 (Fla. 4th DCA 2003) (same).