880 So.2d 826 (2004)
Michael MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3880.
District Court of Appeal of Florida, First District.
August 18, 2004.
*827 Robert Augustus Harper, Esquire and Michael Robert Ufferman, Esquire of the Robert Augustus Harper Law Firm, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General; Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Michael Moore appeals the order designating him a sexual predator in accordance with the Florida Sexual Predators Act, section 775.21, Florida Statutes (2003). He contends that the Act is unconstitutional in several ways, and argues that the trial court lost jurisdiction to enter the order once sixty days had elapsed after sentencing. We uphold the order.
We find no violation of state or federal procedural due process, on the authority of Therrien v. State, 859 So.2d 585 (Fla. 1st DCA 2003), review pending, No. SC03-2219 (Fla. Dec.18, 2003). Contra Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003), review pending, No. SC03-2103 (Fla. Nov. 10, 2003). Likewise on the authority of Therrien, we reject appellant's contention that the Act violates the separation of powers clause in article II, section 3, of the Florida Constitution. See Therrien, 859 So.2d at 586-87.
Mr. Moore also argues that the Act runs afoul of a right to privacy which he contends is part of his state and federal *828 rights to substantive due process, as well as explicitly guaranteed under article I, section 23, of the Florida Constitution. The Act requires dissemination of certain information about sexual predators, to be sure. See § 775.21(7)(a), Fla. Stat. (2003) ("Information provided to members of the community and the public regarding a sexual predator must include: 1. The name of the sexual predator; 2. A description of the sexual predator, including a photograph; 3. The sexual predator's current address, including the name of the county or municipality if known; 4. The circumstances of the sexual predator's offense or offenses; and 5. Whether the victim of the sexual predator's offense or offenses was, at the time of the offense, a minor or an adult."). But this information is public, not private. See Johnson v. State, 795 So.2d 82, 87-88 (Fla. 5th DCA 2000) ("[T]he information collected and disseminated as a result of sexual offender status [the sexual offender's name, physical description, residential address, date and place of each conviction, and a brief description of the crime or crimes committed, see § 943.0435(2)(b), Fla. Stat. (2003)] is public information to which the public is entitled to access."). Even if a sexual predator's address can be viewed as non-public information, its dissemination under the Act does not violate the sexual predator's constitutional right to privacy. See Reyes v. State, 854 So.2d 816, 818 (Fla. 4th DCA 2003) ("[T]he stated and patent public purpose of the Act is a sufficiently compelling state interest justifying such an intrusion on privacy.").
As his last constitutional point, Mr. Moore contends that the Act violates state and federal equal protection requirements because it does not apply to offenders whose offenses took place before October 1, 1993. But "it is not a requirement of equal protection that every statutory classification be all-inclusive." Westerheide v. State, 831 So.2d 93, 112 (Fla.2002). We are "`not ... concerned with whether the particular legislation in question is the most prudent choice, or is a perfect panacea, to cure the ill or achieve the interest intended.... If there is a legitimate state interest which the legislation aims to effect, and if the legislation is a reasonably related means to achieve the intended end, it will be upheld.'" State v. Walker, 444 So.2d 1137, 1138-39 (Fla. 2d DCA 1984) (quoting Patch Enters., Inc. v. McCall, 447 F.Supp. 1075, 1081 (M.D.Fla.1978)). The Act does not violate equal protection requirements and the decision in State v. Erickson, 852 So.2d 289, 290 n. 1 (Fla. 5th DCA 2003), does not hold otherwise.
Finally, Mr. Moore argues that Florida Rule of Criminal Procedure 3.800(c) divested the trial court of jurisdiction to enter the order designating him a sexual predator. See Fla. R.Crim. P. 3.800(c) ("A court may reduce or modify... a legal sentence imposed by it within 60 days after the imposition...."). Whether or not Rule 3.800(a) or (b) is available in other circumstances to remedy an erroneous designation, compare Nicholson v. State, 846 So.2d 1217, 1218-19 (Fla. 5th DCA 2003), with Coblentz v. State, 775 So.2d 359, 360 (Fla. 2d DCA 2000), Rule 3.800(c) plainly has to do with the reduction and modification of sentences, and does not govern a post-sentence designation under the Act. See Fletcher v. State, 699 So.2d 346, 346-47 (Fla. 5th DCA 1997) (holding designation of sexual predators more than 60 days after imposition of sentences was not an impermissible modification of their sentences in violation of Rule 3.800); see also State v. Galloway, 721 So.2d 1197, 1198 (Fla. 1st DCA 1998) ("[A] trial court [has] the power to impose sexual predator status post-sentencing under [the Act]."); Walker v. State, 718 So.2d *829 217, 218 (Fla. 4th DCA 1998) (upholding trial court's grant of State's motion to declare Walker a sexual predator several months after Walker's sentencing on ground that sexual predator designation is not a sentence but simply recognition of a status).
Affirmed.
BROWNING and POLSTON, JJ., CONCUR.