914 So.2d 942 (2005)
John Richard THERRIEN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-2219.
Supreme Court of Florida.
October 27, 2005.
*943 Charles V. Peppler, Pensacola, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Robert R. Wheeler, Tallahassee Bureau Chief, Criminal Appeals, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, FL, for Respondent.
PARIENTE, C.J.
In this case we decide whether a person may be designated a sexual predator, which results in lifetime registration and public notification requirements as well as employment restrictions, when the offense triggering the designation became a qualifying offense for sexual predator status only after the person was sentenced. The First District Court of Appeal concluded that all the statutory consequences of sexual predator designation, including the lifetime employment restrictions in section 775.21(10)(b), Florida Statutes (2000), could be imposed under these circumstances without a hearing on the defendant's future dangerousness. The First District further held that retroactive application did not violate the constitutional right to due process of law, but certified a question of great public importance regarding the statute's constitutionality. See Therrien v. State, 859 So.2d 585, 588 (Fla. 1st DCA 2003).[1]
We have jurisdiction pursuant to article V, section (3)(b)(4) of the Florida Constitution, which governs certified questions.[2] *944 We also have jurisdiction pursuant to article V, section (3)(b)(3) of the Florida Constitution because the district court expressly declared section 775.21(10)(b) constitutional as applied. Although the First District addressed the constitutional issue, we decide this case on the narrower grounds of statutory construction. See Metro. Dade County Transit Auth. v. State Dep't of Highway Safety & Motor Vehicles, 283 So.2d 99, 101 (Fla.1973) (refraining from deciding constitutional issues in case where decision "turns on matters of statutory construction"). We conclude that section 775.21, Florida Statutes (2000), does not authorize imposition of a sexual predator designation on a defendant based on a predicate offense that did not qualify the defendant for sexual predator status at the time of sentencing. Because this resolution makes it unnecessary to decide whether a procedural due process violation results from the retroactive imposition of the employment restriction without a hearing on future dangerousness, we decline to answer the certified question.

FACTS AND PROCEDURAL HISTORY
The State charged John Richard Therrien with sexual battery and lewd and lascivious assault based on acts allegedly committed upon a nine-year-old girl in November 1996, when Therrien was sixteen. He was prosecuted as an adult. In August 1997, Therrien pled nolo contendere to the lesser included offense of attempted sexual battery by a person under eighteen on a person under twelve and to the lewd and lascivious assault count as charged. Both crimes were second-degree felonies. See §§ 777.04(4)(c), 794.011(2)(b), 800.04, Fla. Stat. (1995). The trial court withheld adjudication of guilt on both counts and imposed a sanction of probation for five years, conditioned on a county jail sentence of eleven months and fifteen days, which was suspended.[3]
The offenses to which Therrien pled nolo contendere did not qualify him as a sexual predator under the Florida Sexual Predators Act (FSPA) either when the offenses were committed or when Therrien was sentenced. See § 775.21(4)(c), Fla. Stat. (Supp.1996). After Therrien's plea and sentence, the Legislature amended the FSPA to incorporate as qualifying offenses any attempt to commit a capital-, life-, or first-degree-felony violation of chapter 794, making attempted sexual battery by a person under eighteen on a person under *945 twelve an FSPA-qualifying offense. See ch. 98-81, § 3, at 591, Laws of Fla., codified at § 775.21(4)(c)(1)(b), Fla. Stat. (Supp.1998). Another amendment made any violation of section 800.04 a qualifying offense for the FSPA. See ch. 2000-207, § 1, at 2052-53, Laws of Fla., codified at § 775.21(4)(a), Fla. Stat. (2000).
In October 2000, more than three years after his sentencing hearing, the State sought to have Therrien designated a sexual predator under the amended FSPA. In a trial court pleading opposing the sexual predator designation, Therrien's counsel represented that Therrien had "completed probation in an exemplary manner and does not pose the threat for which the Florida Sexual Predator's Act was enacted."[4] The trial court granted the State's request and issued an order designating Therrien a sexual predator. Pursuant to the requirements of section 775.21, the order required Therrien to register with the Department of Corrections, report to the Department of Highway Safety and Motor Vehicles to obtain a new photo identification, and notify the State within 48 hours of any change of address. The order specified that day care centers and schools within a one-mile radius of Therrien's residence shall be notified of his presence, and that an Internet record of his sexual predator status shall also be maintained and be available to the public. The order further specified criminal sanctions for failure to register or provide notification of change of residence, and for working "whether for compensation or as a volunteer, at any business, school, day care center, park, playground, or other place where children regularly congregate."
The First District rejected Therrien's constitutional claim that due process precluded retroactive application of the FSPA in this case and affirmed the sexual predator designation. See Therrien, 859 So.2d at 587. Neither the trial court nor the First District addressed Therrien's argument that because he did not qualify for sexual predator designation when he was sentenced, the subsequent expansion in qualifying offenses did not apply to him. In dissent, Judge Benton, quoting from one of Therrien's briefs, stated that Therrien's "nolo contendere pleawhich might, after all, have been a plea of convenience to charges of misconduct alleged to have taken place six years ago should not deprive him of the opportunity `to show that he is not a danger to society ..., that he is married and a father, and that he is living a normal, productive life as a citizen of Florida.'" Id. at 592-93 (Benton, J., dissenting).

ANALYSIS
Statutory construction is a question of law. BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003). In construing a statute, our duty is to effectuate legislative intent, which is determined primarily from the language of the statute. See State v. Rife, 789 So.2d 288, 292 (Fla. 2001). Where the language of a statute is clear and unambiguous and conveys a definite meaning, we construe it accordingly, and need not resort to additional rules of construction. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).
Therrien was declared a sexual predator based on his convictions of crimes defined by Florida law. The provisions of the FSPA governing offenders such as Therrien concern sentencing for a "current offense." Section 775.21(4)(a), Florida Statutes (2000), provides that "[f]or a current offense committed on or after October 1, *946 1993, upon conviction, an offender shall be designated as a `sexual predator' under subsection (5)" if the felony is one of a number of specified crimes. Section 775.21(5)(a), Florida Statutes (2000), provides, in pertinent part:
(5) SEXUAL PREDATOR DESIGNATION. An offender is designated as a sexual predator as follows:
(a)1. An offender who meets the sexual predator criteria described in paragraph (4)(a) who is before the court for sentencing for a current offense committed on or after October 1, 1993, is a sexual predator, and the sentencing court must make a written finding at the time of sentencing that the offender is a sexual predator, and the clerk of the court shall transmit a copy of the order containing the written finding to the department within 48 hours after the entry of the order....
(Emphasis supplied.) The quoted language from subsections (4) and (5) was first included in a revision to the FSPA that took effect July 1, 1996, before the commission of the offenses in this case. See ch. 96-388, §§ 61, 74, Laws of Fla. These provisions have remained materially unchanged throughout subsequent amendments to the FSPA, including those made in 1998 and 2000 that brought attempted sexual battery and lewd and lascivious assault within the ambit of the FSPA.[5]
The 1996 amendments expanded the role of the trial court in designating an offender as a sexual predator. Under the FSPA as enacted in 1993, the sexual predator registration requirement attached automatically in the event of a qualifying conviction, independent of trial court designation. See § 775.22(2), Fla. Stat. (1993) (providing that each offender convicted of, or found to have committed, a qualifying offense "is a sexual predator and must register or be registered in accordance with this section"). In addition, trial courts were required to designate those who qualified as sexual predators at the time of sentencing. See § 775.23(3), Fla. Stat. (1993). In revamping the FSPA in 1996, the Legislature repealed sections 775.22 and 775.23. See ch. 96-388, § 62, at 2375, Laws of Fla. In place of these statutes, the Legislature rewrote section 775.21 to provide for trial court designation of those registered as sexual predators under the previous version of the law, those offenders who qualify via out-of-state convictions, and those Florida offenders who qualify for sexual predator designation at the time they are sentenced for a current offense. See § 775.21(4)-(5), Fla. Stat. (Supp.1996), as amended by ch. 96-388, § 61, at 2369, Laws of Fla.[6] The offender's duty to register regardless of any trial court designation, contained in former section 775.22(2), was eliminated.
Under the 1996 amendment, and continuing up to the present, the duty to register is triggered solely by the trial court's finding that the offender is a sexual predator. See § 775.21(4)(c)(2), Fla. Stat. (2004) ("If the court makes a written finding that the offender is a sexual predator, the offender ... must register or be registered *947 as a sexual predator ...."); § 775.21(5)(c), Fla. Stat. (2004) ("If the state attorney fails to establish that the offender meets the sexual predator criteria and the court does not make a finding that the offender is a sexual predator, the offender is not required to register with the department as a sexual predator.").
For offenders who had not been administratively designated as sexual predators under the previous version of the FSPA and who did not qualify for sexual predator status because of out-of-state convictions, section 775.21(5)(a)(1), Florida Statutes (2000), made the offender's sentencing proceeding the point at which sexual predator eligibility is determined. Given its plain and ordinary meaning, the language of this provision requires that an offender both meet the eligibility criteria and be before the court for sentencing on a current offense committed after October 1, 1993, in order to qualify for designation as a sexual predator. Thus, offenders whose crimes did not bring them within the sexual predator criteria in effect when they were sentenced cannot be declared sexual predators at sentencing.
Section 775.21(5)(c) contains a "second chance" clause applicable to persons who could have been but were not declared sexual predators at sentencing:
If the Department of Corrections, the [D]epartment [of Law Enforcement], or any other law enforcement agency obtains information which indicates that an offender meets the sexual predator criteria but the court did not make a written finding that the offender is a sexual predator as required in paragraph (a), the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney who prosecuted the offense for offenders described in subparagraph (a)1., or the state attorney of the county where the offender establishes or maintains a residence upon first entering the state for offenders described in subparagraph (a)3. The state attorney shall bring the matter to the court's attention in order to establish that the offender meets the sexual predator criteria. If the state attorney fails to establish that an offender meets the sexual predator criteria and the court does not make a written finding that an offender is a sexual predator, the offender is not required to register with the department as a sexual predator. The Department of Corrections, the department, or any other law enforcement agency shall not administratively designate an offender as a sexual predator without a written finding from the court that the offender is a sexual predator.
§ 775.21(5)(c), Fla. Stat. (2004) (emphasis supplied). By its plain language, this provision applies to those offenders for whom the trial court was required to, but did not, impose the sexual predator designation at sentencing. Cf. State v. Curtin, 764 So.2d 645, 647 (Fla. 1st DCA 2000) (concluding, in case in which defendant met criteria for designation at sentencing, that "the statute provides for the state to petition the court to make such a finding" after sentencing). The limitation of section 775.21(5)(c) to instances in which "the court did not make a written finding that the offender is a sexual predator as required in paragraph (a)" concerns situations in which the designation was overlooked at sentencing, or the State learns after sentencing that the offender qualified for the designation.
Read together, subsections (5)(a)(1) and (5)(c) apply only to offenders who could have been designated as sexual predators at the time of sentencing, and therefore excludes offenders who were not eligible when sentenced for an offense later brought within the sexual predator rubric. *948 Cf. Gay v. Singletary, 700 So.2d 1220, 1221 (Fla.1997) ("[W]hen a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded."). In addition, in providing that no offender shall be administratively designated a sexual predator or required to register as a sexual predator without a written finding by the trial court, section 775.21(5)(c) clearly makes the determination that an offender is a sexual predator exclusively the province of the trial court. And where sexual predator designation depends solely upon conviction of an offense pending for sentencing after the July 1, 1996, effective date of the 1996 amendment eliminating a registration requirement independent of a trial court finding, the offender must meet the sexual predator criteria at the time of sentencing in order to be so designated.
Adhering to principles of statutory construction, we conclude that the Legislature in section 775.21(5)(a) has expressly made the date of sentencing for crimes subject to the FSPA the point at which eligibility for sexual predator status is to be determined for offenders who do not otherwise qualify for the sexual predator designation.

THIS CASE
Therrien raised the statutory construction grounds discussed in the preceding section in challenging the sexual predator designation in both the trial and appellate courts. As stated above, the trial court did not directly address this aspect of his challenge to the sexual predator designation, concluding that the FSPA is procedural rather than substantive law and therefore that the designation may be applied retroactively. The First District also did not directly address the statutory construction argument, focusing instead on whether retroactive application violates procedural due process. See Therrien, 859 So.2d at 586-88. Nonetheless, Therrien preserved the statutory construction argument for our review, and we resolve the case on this basis.
When Therrien appeared before the trial court for sentencing in August 1997 on offenses committed in November 1996, he did not meet the sexual predator criteria in section 775.21(4)(c), Florida Statutes (Supp.1996). When he was declared a sexual predator in 2000 for these 1996 offenses, he had not been administratively designated a sexual predator under the previous version of the FSPA and did not qualify as a sexual predator for out-of-state offenses, alternative grounds on which the trial court may acquire jurisdiction to make a sexual predator designation. Nor has he been declared a sexually violent predator in this or any other jurisdiction, another potential basis for sexual predator designation under a 2004 amendment to the FSPA. See §§ 775.21(4)(d), 775.21(5)(a)(1), Fla. Stat. (2004), as amended by ch. 2004-371, § 1, at 2784, Laws of Fla.
The offenses for which Therrien was convicted were brought within the sexual predator criteria in legislation enacted in 1998 and 2000. Before, during, and after Therrien's sentencing proceeding, section 775.21(5)(a), Florida Statutes (Supp.1996), defined a sexual predator as "[a]n offender who meets the sexual predator criteria in paragraph (4)(c) who is before the court for sentencing for a current offense committed on or after October 1, 1996." Thus, according to the plain language of the statute, Therrien does not fit the statutory definition of a sexual predator.

CONCLUSION
We hold that a trial court is without jurisdiction to impose the sexual predator *949 designation, which includes notification and registration requirements in addition to the employment restrictions identified in the certified question, on an offender who, under the law in effect at the time of sentencing, did not qualify as a sexual predator. Because we have concluded that under section 775.21(5)(a)(1), Florida Statutes (2000), Therrien has been erroneously designated a sexual predator for offenses which, at the time of sentencing, did not meet the statutory criteria under section 775.21(4), Florida Statutes (Supp.1996), we quash the First District decision affirming the trial court's order imposing sexual predator status, and remand for proceedings not inconsistent with this opinion.
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The following question was certified:

Whether the retroactive application of the permanent employment restrictions of section 775.21(10)(b), Florida Statutes (2000), to a defendant convicted and qualified as a sexual predator, without a separate hearing on whether such defendant constitutes a danger or threat to public safety, violates procedural due process.
859 So.2d at 588.
[2] The First District addressed and ruled on the issue presented in the certified question when it held that the conditions of sexual predator status, including the lifetime employment restrictions, could be retroactively applied without a hearing on the defendant's future dangerousness. See Therrien, 859 So.2d at 587. This satisfies the constitutional requirement that the certified question be one that the district court "passes upon," see art. V, § 3(b)(3), Fla. Const., and distinguishes this case from other certified question cases in which we have dismissed review for lack of jurisdiction. Cf. Pirelli Armstrong Tire Corp. v. Jensen, 777 So.2d 973, 974 (Fla.2001) (dismissing review because the district court had certified a question without ruling on the question certified); Salgat v. State, 652 So.2d 815, 815 (Fla.1995) ("This Court has no jurisdiction to answer a question certified by a district court when that court has not first passed upon the question certified.").
[3] Section 948.01(2), Florida Statutes (2004), which was in effect when these crimes were committed, authorizes probation in lieu of imprisonment for commission of a crime "[i]f it appears to the court ... that the defendant is not likely again to engage in a criminal course of conduct." The Youthful Offender law under which Therrien appears to have been sentenced provides that "[i]n lieu of other criminal penalties authorized by law ... [t]he court may place a youthful offender under supervision on probation or in a community control program." § 958.04(2)(a), Fla. Stat. (1995).
[4] Section 948.04(3), Florida Statutes (2004), authorizes early termination of probation if the offender has not violated any terms of probation and has met all financial sanctions.
[5] The provisions concerning sentencing for current offenses originally enacted in section 775.21(4)(a), (b), and (c), Florida Statutes (Supp.1996), which also contained the tiered system subsequently abandoned, are now combined in section 775.21(4)(a), Florida Statutes (2004). The provision originally enacted in section 775.21(5)(a)(1), Florida Statutes (Supp.1996), is now codified at section 775.21(5)(a)(2), Florida Statutes (2004).
[6] A 2004 amendment additionally provides for trial court designation as a sexual predator under section 775.21 of anyone determined to be a "sexually violent predator" in a civil commitment proceeding. See ch. 2004-371, § 1, at 2784, Laws of Fla.