PER CURIAM.
In this Anders[1] appeal Patrick Williams challenges the judgment and sentence imposed following his guilty plea to a violation of probation. After sentencing, Williams filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), contending *986 that sentencing him under the Jessica Lunsford Act[2] (“the Act”) was unconstitutional and therefore illegal. We affirm his judgment and sentence, but we remand for deletion of certain language in the sentencing documents.
Williams was adjudicated guilty on September 2, 1992, after pleading guilty to four counts of attempted sexual battery and one count of committing a lewd and lascivious act, all involving a victim less than twelve years of age. He was sentenced to thirty years in prison for each of the sexual battery counts, suspended after twenty-five years and followed by five years of probation. For the other count, he was sentenced to fifteen years in prison, suspended after ten years and followed by five years of probation. All prison sentences were to be served concurrently.
Williams was released in 2002 after serving only ten years. On May 22, 2006, he pleaded guilty to a probation violation, and the trial court revoked the probation and sentenced him to terms of twenty years each for the four counts of attempted sexual battery and fifteen years for the lewd and lascivious act, all time to be served concurrently. He was given credit for time served, and the sentence did not include probation. The sentence was lawful. Crews v. State, 779 So.2d 492 (Fla. 2d DCA 2000).
The sentencing documents provided that Williams was sentenced under the Act. The Act became effective September 1, 2005, and established, among other things, increased registration and reporting requirements for probationers who are designated sexual predators, as defined by the Florida Sexual Predators Act, section 775.21, Florida Statutes (1993). The Florida Sexual Predators Act took effect after Williams’ convictions in this case. See Ch. 93-277, § 1, Laws of Fla. Williams therefore cannot be a designated sexual predator under that section since it was nonexistent at the time he was convicted in 1992. Therrien v. State, 914 So.2d 942 (Fla.2005). Since Williams cannot be designated a sexual predator and the Act only applies to someone who is designated as a sexual predator, he cannot be sentenced “under” the Act, and the reference to the Act in the sentencing documents should be stricken.
We therefore remand this matter to the trial court for deletion of any reference to the Jessica Lunsford Act. We affirm in all other respects.
Affirmed and remanded with instructions.
DAVIS and VILLANTI, JJ., and THREADGILL, EDWARD F, Senior Judge, Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Chapter 2005-28, Laws of Fla.