808 So.2d 1265 (2002)
Guillermo GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-668.
District Court of Appeal of Florida, Third District.
March 6, 2002.
Bennett H. Brummer, Public Defender and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON, J., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Defendant Guillermo Gonzalez appeals the public notification requirement of his classification as a sexual predator. We affirm.
Defendant was charged with one count of kidnaping and six counts of sexual battery with a deadly weapon or force. The information alleged that the foregoing offenses occurred on or between August 3rd and 4th, 1995. On August 28, 1997, defendant was sentenced pursuant to a plea agreement, and on February 12, 1998, the trial court declared defendant a sexual predator.[1] The trial court applied the 1997 version of the Sexual Predator Act. Defendant argues that the 1995 version of the Act should have been used. He claims that the application of the notice provisions of the 1997 Act unjustly subjected him to a more wide spread dissemination of his designation as a sexual predator, and as such amounted to an ex post facto violation.[2] We disagree.
*1266 "In evaluating whether a law violates the ex post facto clause, a two-prong test must be applied: (1) whether the law is retrospective in its effect; and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Simmons v. State 753 So.2d 762, 763 (Fla. 4th DCA 2000), citing Arnold v. State, 755 So.2d 696, 699 (Fla. 4th DCA 1999). Regulatory statutes do not constitute punishment. See Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997). The reporting requirements as well as the notification requirements of the Sexual Predator Act are regulatory and procedural in nature and do not violate the ex post facto clause. See Rickman v. State, 714 So.2d 538, 539 (Fla. 5th DCA 1998); see also Oce v. State, 742 So.2d 464, 465 (Fla. 3d DCA 1999); Deatley v. State, 722 So.2d 286 (Fla. 5th DCA 1998).
Accordingly, the order under review is affirmed.
NOTES
[1] Although the defendant clearly states that he is objecting solely to the public notification portion of his classification as a sexual predator, he argues generally that the trial court was without authority to designate him a sexual predator because the determination was not made contemporaneous to his initial sentencing. We find this claim unmeritorious. As stated in Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997), the sexual predator designation is not an impermissible modification of an offender's sentence "because the designation `sexual predator' is neither a sentence nor a punishment." See Collie v. State, 710 So.2d 1000, 1006 (Fla. 2d DCA 1998).
[2] The 1995 version of the act required the sheriff or chief of police to notify the public of the sexual predator's presence by publishing a notice in a newspaper for several consecutive weeks. See § 775.225(2)(b), Fla. Stat. (1995). The level of dissemination under the 1997 statute included notification statewide, as well as placement on the Internet. See § 775.21(7), Fla. Stat. (1997).