SALTER, J.
Desiderio Cuevas appeals from a final order designating him a sexual predator under section 775.21, Florida Statutes (2006). The issue to be determined in this appeal is whether designation as a sexual predator may be ordered after a defendant has served his sentence and been released (rather than when “before the court for sentencing”[1]).
Cuevas entered a plea of guilty to charges of lewd and lascivious molestation on a child under 12 and lewd and lascivious conduct on a child under 16, in violation of sections 800.04(5)(b) and 800.04(6)(b), Florida Statutes (2000). He was sentenced to a term of 56 months of incarceration, but he was not designated as a sexual predator in a written finding at the time of the sentencing. Cuevas concedes that the convictions qualified him for designation as a sexual predator under the criteria established in section 775.21(4)(a).
In July 2006, as Cuevas neared the end of his term of incarceration, the Department of Corrections sent a written inquiry to the office of the State Attorney to inquire whether Cuevas qualified as a sexual predator. The State Attorney replied that Cuevas did qualify and then filed a motion to designate him a sexual predator. In the interim, Cuevas was released. The State’s motion was then set for hearing. The trial court granted the State’s motion, and this appeal followed.
We have previously determined that section 775.21 is “regulatory and procedural in nature,” such that the provision does not violate the ex post facto clause or imper-missibly modify a criminal sentence or punishment. Gonzalez v. State, 808 So.2d 1265, 1266 (Fla. 3d DCA 2002). Cuevas’s case also is not one in which his offense was not a qualifying offense for the sexual predator designation at the time of his sentencing, as occurred in Therrien v. State, 914 So.2d 942 (Fla.2005).
The statutory analysis here is straightforward. Does the State lose its right — in fact, must it turn aside from its statutory duty[2] — to seek the designation if it overlooks that right and duty at sentencing? *292 Cuevas and the dissent apply a strict and inflexible interpretive analysis that might be considered if the question involved the reach of a statute imposing a criminal penalty. But section 775.21 is not such a statute, as we held in Gonzalez. The statute expresses no intention that the consequence of a failure to make a written sexual predator finding at the time of sentencing is a waiver of the right to make the finding in the future. Cuevas and the dissent read such an intention into the fact that two specific categories of “overlooked” defendants are described in section 775.21(5)(c), but we disagree with that inference. A careful reading of the special language applicable to the two categories (section 775.21(5)(a)l. and 3.) reveals that those are special notice and venue rules for those special cases,[3] not exclusive descriptions of the only circumstances in which the State can perform its duty after the defendant is sentenced.
Nor would Cuevas’s argument establish a waiver of the State’s right to a tardy designation under the civil standard we described in Gonzalez. There is no evidence in this record that the State knowingly or intentionally waived its right to seek the designation, and Cuevas can hardly argue that he was prejudiced by the fact that he received the designation in 2006 rather than at sentencing four years earlier. Cuevas did not raise, and therefore we do not consider here, facts or issues relating to the doctrine of laches or to any statute of limitations.
Finally, the extensive legislative findings, purpose, and intent (expressly written into section 775.21(3)) also support our analysis. To conclude that a Legislature bent on addressing “an extreme threat to the public safety” intended to relieve Cue-vas from registration is to engage in statutory destruction, not construction.
Affirmed.
SCHWARTZ, Senior Judge, concurs.

. § 775.21(5)(a)2, Fla. Stat. (2006).

. Section 775.2l(4)(a) imposes a mandatory duty ("an offender shall be designated ...”).

. In the case of Section 775.21 (5)(a)l., a sexually violent predator under Section 775.2 l(4)(d), one of the three enumerated state offices must notify the state attorney who prosecuted the offense. In the case of Section (5)(a)3., a sexual predator who was convicted of a qualifying offense in another jurisdiction before establishing or maintaining a residence in a Florida county, notice is to be given to the state attorney of that new county. In the case of a person like Cuevas, indisputably qualified to be designated a sexual predator but not designated at sentencing as the Legislature directed, no special notifications or interjurisdictional rules are required, and Section 775.21(5)(c) then specifies (without limitation) that the ‘‘state attorney shall bring the matter to the court's attention in order to establish that the offender meets the sexual predator criteria.”