SHEPHERD J„
dissenting.
The issue in this case is whether the State of Florida can haul a sexual predator back into court, after he has completed his entire sentence, to declare him a sexual predator as defined by section 775.21(4)(a) of the Florida Sexual Predators Act (2006),[4] in the absence of a statutory recapture provision. I find it cannot and would reverse the order on appeal.
On January 22, 2002, Desiderio Cuevas was sentenced to fifty-six months of incarceration pursuant to a guilty plea on the counts of lewd and lascivious molestation of a child under twelve years of age, *293 § 800.04(5), Fla. Stat. (2000), and lewd and lascivious conduct on a child under sixteen years of age, § 800.04(6), Fla. Stat. (2000). It is agreed that Cuevas is a sexual predator within the meaning of the Florida Sexual Predators Act. See § 775.21(4)(a), Fla. Stat. (2006). The Act requires that for such individuals, the trial court “must make a written finding at the time of sentencing that the offender is a sexual offender.” See § 775.21(5)(a)2, Fla. Stat. (2006) (emphasis added).[5] The trial court did not do so. In April 2003, the Florida Department of Corrections recognized it did not have a copy of such an order, and sent a letter to the Clerk of the Court requesting a copy. The Office of the State Attorney also received a copy of the letter. The record contains no evidence that either the Clerk or State Attorney took any action in response to this letter. On July 27, 2006, approximately sixty days before Cuevas’ release date, the Department inquired of the State Attorney concerning Cuevas’ statutory status. On October 27, 2006, the Office of the State Attorney responded to the Department’s July 27th request, stating only that Cuevas “does qualify as a sexual predator.” In the interim, on September 6, 2006, Cuevas completed his sentence and was released. Nevertheless, the State continued to press the matter, and on December 15, 2006, the court entered the statutory order prescribed by section 775.21(5)(a)2 over Cue-vas’ objection.
The State concedes there is no express statutory authority in the Florida Sexual Predators Act of 2006 to haul Cuevas back into court. However, the State argues a fair reading of the statute reveals “the legislature intended to create a mechanism” to do so, which it submits is sufficient. As support for its argument, the State cites two separate subsections of the Act. The first section, 775.21(4)(c), authorizes the recapture of “an offender [who] has been registered as a sexual predator by the Department of Corrections, the [Department [of Law Enforcement] or any other law enforcement agency ... if 1. The court did not, for whatever reason, make a written finding at the time of sentencing that the offender was a sexual predator.... ” (Emphasis added.) However, the State’s reliance upon this subsection of the Act is misplaced. It is undisputed Cuevas was never registered as a sexual predator pursuant to the Act.[6] In *294 fact, he was released without any judicial consideration concerning whether he should be designated a “sexual predator,” a clearly defined status within the meaning of the Florida Sexual Predators Act. See § 775.21(4)(a).
The other section of the Act upon which the State seeks affirmance of the trial court’s action in this case is subsection 775.21(5)(c). This provision states:
If the Department of Corrections, the [Department [of Law Enforcement], or any other law enforcement agency obtains information which indicates that an offender meets the sexual predator criteria but the court did not make a written finding that the offender is a sexual predator as required in paragraph (a), the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney who prosecuted the offense for offenders described in sub-paragraph (a)l., or the state attorney of the county where the offender establishes or maintains a residence upon first entering the state for offenders described in subparagraph (a)3. The state attorney shall bring the matter to the court’s attention in order to establish that the offender meets the sexual predator criteria. If the state attorney fails to establish that an offender meets the sexual predator criteria and the court does not make a written finding that the offender is a sexual predator, the offender is not required to register with the department as a sexual predator.
§ 775.21(5)(c) (emphasis added). However, this provision likewise is inapplicable on its face because subparagraph (a)l pertains only to offenders who have been civilly committed under the Jimmy Ryce Act, § 394.910, Fla. Stat. (2000), and subpara-graph (a)3 pertains to persons who have committed a similar violation in another jurisdiction. By its terms, this subsection does not include offenders described in section 775.21(a)2, the category in which Cuevas falls.
The language of the statute we are called upon to apply in this case is plain and unambiguous. Our task in this circumstance begins and ends with the application of the plain language. “[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction.” See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). “[T]he legislative intent must be derived from the words used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended.” Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla.1960). Thus, the statute’s text is the most reliable and authoritative expression of the Legislature’s intent. See V.K.E. v. State, 934 So.2d 1276, 1286 (Fla.2006).
Moreover, there exists an articulable rationale for the statute as it appears. The Jimmy Ryce Act applies to “a small but extremely dangerous number of sexually violent predators.” See § 394.910. The Legislature’s desire to have registered sexual predators who commit crimes in other jurisdictions is plain. This rationale finds support in the 2004 amendments to the Sexual Predators Act. It was that year the Legislature redefined the (a)l offenders subject to post-sentencing desig *295 nation as those falling under the Jimmy Ryce Act, and moved the Cuevas category of offenders, whose designation must be made at the time of sentencing, into sub-paragraph (a)(2) of the Sexual Predators Act. See § 775.21(5)(a)l, Fla. Stat. (2004). The amendment expressly deleted “offenders described in ... subparagraph (a)(2)” from the recapture portion of the statute. See S. Crim. Just. Comm. Rep. 2444-307, Reg. Sess. (Fla.2004). This was then and remains today the Cuevas category of offenders. See § 775.21(5)(a)2. It is not for us to judicially amend the Act. It may be that this unimpeachably obvious action of the State Legislature was improvident or unwise. However, we must apply the law we have, not the law we wish we had.
I would reverse the order on appeal.

. The Stale has at all times — here and below — proceeded on the strength of the Florida Sexual Predators Act of 2006. The defendant has at all times acquiesced in the application of this iteration of the Act. Because there is no ex post facto consequence to the application of the 2006 version of the Act to the facts of this case, see Gonzalez v. State, 808 So.2d 1265 (Fla. 3d DCA 2002), I accede to the parties' choice of governing statute in this analysis.

. Section 775.2l(5)(a)2 reads in full as follows:
An offender who meets the sexual predator criteria described in paragraph (4)(a) who is before the court for sentencing for a current offense committed on or after October 1, 1993, is a sexual predator, and the sentencing court must make a written finding at the time of sentencing that the offender is a sexual predator, and the clerk of the court shall transmit a copy of the order containing the written finding to the department within 48 hours after the entry of the order ...
(emphasis added). This provision of the Act read the same in 2002, when Cuevas was sentenced, as it did in 2006, when he finally was declared a statutory sexual predator.

. A careful reading of the Act leaves one puzzled how an offender in Cuevas' position can be lawfully ''registered” under the Florida Sexual Predators Act in the absence of an order declaring him a sexual predator within the meaning of the Act, unless, perhaps, the offender elects to voluntarily register himself. In seeming contradiction to section 775.2l(4)(c) of the Act, section 775.21 (5)(c) states, “The Department of Corrections, the department, or any other law enforcement agency shall not administratively designate an offender as a sexual predator without a written finding from the court that the offender is a sexual predator.” (Emphasis added.) Furthermore, the provisions requiring self-registration appear to apply only to "an offender designated as a 'sexual predator' under subsection (5)” — i.e., an offender for whom a written order is in existence. See § 775.21(5)(a)3, Fla. Stat. (2006) (emphasis added); Reyes v. State, 854 So.2d 816, 817 *294 (Fla. 4th DCA 2003) ("A person who has been designated a sexual predator must register with the Department of Law Enforcement for the duration of his or her life.”).