ALTENBERND, Judge.
Shawn D. Almond appeals a trial court order designating him as a sexual preda *1057 tor. The trial court entered this order in January 2011 while Mr. Almond was on probation. His sentencing, at which the court failed to enter such an order, occurred more than twelve years earlier. Mr. Almond argues that the State should be barred by a statute of limitations or perhaps by laches because it waited so long to file this motion. He suggests that we should adopt Judge Shepherd’s dissent in Cuevas v. State, 31 So.3d 290 (Fla. 3d DCA 2010), as the opinion of this court. Although we question whether Judge Shepherd’s dissent may have been the correct outcome for the case in which he dissented, we conclude that the State was entitled to file this motion and obtain this relief while Mr. Almond was still on probation.
Mr. Almond was charged with sexual battery with force[1] and burglary with assault[2] for events in October 1996. In April 1998, he pleaded to the two offenses in exchange for a probationary split sentence of approximately twelve years’ incarceration followed by five years’ probation. There is no question that Mr. Almond’s conviction for sexual battery, a life felony, qualified him to be designated as a sexual predator. See § 775.21(4)(e)(l)(a), Fla. Stat. (1997).[3] There is also no question that the trial court did not enter the order designating Mr. Almond as a sexual predator at the time of sentencing. Although it cannot be confirmed or disproved from this record, Mr. Almond alleges that designation as a sexual predator was not discussed with him during plea negotiations in 1998.
In July 2010, more than two years after Mr. Almond’s release from prison, the State filed a motion to designate him as a sexual predator. Other than noting that the designation had not occurred at the time of sentencing, the motion does not explain the delay or how the issue had come to the attention of the State after these many years. The trial court conducted a hearing on this motion. Mr. Almond elected to represent himself at that hearing, and he did an able job.
The trial court concluded that the designation was not part of the criminal sentence and that it had no discretion as to whether Mr. Almond should be so designated in light of the life felony conviction for sexual battery. It concluded that nothing in the nature of a statute of limitations prevented the late filing of the motion. Accordingly, it granted the motion.
The Florida Sexual Predators Act declares that an offender such as Mr. Almond “is a sexual predator, and the sentencing court must make a written finding at the time of sentencing that the offender is a sexual predator.” § 775.21(5)(a)(2), Fla. Stat. (2010). Anticipating that this mandatory order might occasionally be overlooked, the legislature provided:
If the Department of Corrections, the department, or any other law enforcement agency obtains information which indicates that an offender meets the sexual predator criteria but the court did not make a written finding that the offender is a sexual predator as required in paragraph (a), the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney who prosecuted the offense for offenders described in subpar-agraph (a)l., or the state attorney of the *1058 county where the offender establishes or maintains a residence upon first entering the state for offenders described in subparagraph (a)3. The state attorney shall bring the matter to the court’s attention in order to establish that the offender meets the sexual predator criteria. If the state attorney fails to establish that an offender meets the sexual predator criteria and the court does not make a written finding that an offender is a sexual predator, the offender is not required to register with the department as a sexual predator. The Department of Corrections, the department, or any other law enforcement agency shall not administratively designate an offender as a sexual predator without a written finding from the court that the offender is a sexual predator.
§ 775.21(5)(c), Fla. Stat. (2010) (emphasis added).
Two aspects of this statute are important to our analysis today. First, the trial court is not given the task of deciding whether Mr. Almond is actually dangerous. The designation of “sexual predator” arises purely by virtue of Mr. Almond’s criminal record. In this case, because Mr. Almond’s sexual offense is a life felony, he qualifies without any prior conviction. So long as he has not been pardoned, Mr. Almond is a sexual predator as a matter of law. The official “designation” merely provides Mr. Almond with notice and an opportunity to be heard before the requirements of registration become effective as to him.
Second, the statute provides a procedure to address overlooked designations. If the court fails to enter this order at the time of sentencing, the state attorney is required to bring the matter to “the court’s attention.” See 775.21(5)(c), Fla. Stat. (2010). The state attorney in this case and in other cases has logically interpreted this language to require the state attorney to return to the criminal division that handled the original sentencing. In this case, the original judge had long since retired, but Mr. Almond was still serving an active term of probation. The trial court continued to have jurisdiction to address the conditions of probation as necessary and to enter an order such as this sexual predator designation.
In Cuevas, the Third District considered a case in which the defendant had fully served his sentence before the state filed its motion. 31 So.3d at 291. From the opinion in that case, it appears that the state filed its motion to designate the defendant as a sexual predator in a court that had ceased to have jurisdiction over the criminal case and over the defendant. See id. The Cuevas dissent may be correct in concluding that the state could not “haul a sexual predator back into court” under those circumstances. See id. at 292-95 (Shepherd, J., dissenting). Accordingly, we do not decide what, if any, procedure may exist to obtain an order designating a defendant as a sexual predator once the criminal court has lost jurisdiction. We simply hold that in a case like Mr. Almond’s, in which the criminal court still has jurisdiction over a defendant whose criminal record mandates the court to classify him as a sexual predator, the criminal court may designate the defendant as a sexual predator even though the designation was overlooked at sentencing many years earlier.
Affirmed.
KHOUZAM and MORRIS, JJ., Concur.

. § 794.011(3), Fla. Stat. (1996).

. § 810.02(2)(a), Fla. Stat. (1996).

.The critical provision of the Florida Sexual Predators Act that applies to Mr. Almond has not changed since 1997, although it has been renumbered. See § 775.21(4)(a)(l)(a), Fla. Stat. (2010).