EVANDER, C.J.,
Brian K. McKenzie appeals an order designating him as a sexual predator under section 775.21, Florida Statutes (2018). The order was entered after McKenzie had completed his sentence. We conclude that the trial court lacked jurisdiction to enter *809 the order and, accordingly, reverse. In doing so, we certify conflict with Cuevas v. State , 31 So.3d 290 (Fla. 3d DCA 2010).
On October 28, 2009, McKenzie entered a nolo contendere plea to one count of engaging in sexual activity with a child while in a position of familial or custodial authority, in violation of section 794.011(8)(b), Florida Statutes (2009). Pursuant to a negotiated plea agreement, McKenzie was sentenced to six months' incarceration, followed by three years of sex offender community control, followed by two years of sex offender probation. The trial court further found that McKenzie qualified as a sex offender.[1] Neither party appealed the judgment and sentence.
McKenzie served his jail time and successfully completed his community control and probation. The sentence was completed in April 2015, and McKenzie was notified by the Department of Corrections that he was no longer under supervision.
Three years later, the State filed a notice with the trial court, requesting that McKenzie be designated a sexual predator. After a hearing, and over McKenzie's objection, the trial court entered an order designating McKenzie a sexual predator and ordering him to comply with the registration requirements set forth in section 775.21, Florida Statutes (2018). At the time the trial court entered its order, Cuevas was the only Florida appellate court opinion directly addressing the issue of whether a sexual predator designation order may be entered after a defendant has completed his sentence. The trial court appropriately relied on Cuevas in entering its order. See Pardo v. State , 596 So.2d 665, 666 (Fla. 1992) ("The proper hierarchy of decisional holdings would demand that in the event the only case on point on a district level is from a district other than the one in which the trial court is located, the trial court be required to follow that decision." (quoting State v. Hayes , 333 So.2d 51, 53 (Fla. 4th DCA 1976) )); see also Nader v. Fla. Dep't of High. Saf. & Motor Veh. , 87 So.3d 712, 724 (Fla. 2012) ("[T]here is a judicially imposed requirement that a circuit court must abide by precedent from another district court of appeal if no precedent exists from its own district.").
Section 775.21(4)(a), Florida Statutes, provides that a sexual offender who qualifies as a sexual predator "shall be designated as a 'sexual predator' ... and subject to registration ... and community and public notification." This provision means "that the trial court has no discretion to do otherwise." Kelly v. State , 795 So.2d 135, 136 (Fla. 5th DCA 2001). Furthermore, "the designation is neither a sentence nor a punishment." Id. at 138. Although section 775.21(5)(a) 2. contemplates that the trial court will designate a defendant as a sexual predator at sentencing, the designation may be entered after sentencing, but while the sentence is being served. See Almond v. State , 89 So.3d 1056, 1058 (Fla. 2d DCA 2012) (holding that where criminal court still has jurisdiction over defendant whose criminal record mandates court classify him as sexual predator, criminal court may designate defendant as sexual predator even though designation was overlooked at sentencing many years earlier).
The issue on appeal is whether the trial court had jurisdiction to designate McKenzie as a sexual predator where he had not been so designated at sentencing and where the State had not sought such designation prior to McKenzie completing his sentence.
*810 "Subject matter jurisdiction is the 'power of a particular court to hear the type of case that is then before it' or 'jurisdiction over the nature of the cause of action and relief sought.' " Carbajal v. State , 75 So.3d 258, 262 (Fla. 2011). However, a court's jurisdiction over an action does not endure indefinitely. Franklin v. Bank of Am., N.A. , 202 So.3d 923, 925 (Fla. 1st DCA 2016). In criminal proceedings, a court's jurisdiction is invoked by indictment, information, or presentment, see Carbajal , 75 So.3d at 262 (quoting State v. Anderson , 537 So.2d 1373, 1374 (Fla. 1989) ), and "the trial court loses subject matter jurisdiction upon the expiration of the probationary sentence." Canchola v. State , 255 So.3d 442, 444 (Fla. 2d DCA 2018) ; see also Stambaugh v. State , 891 So.2d 1136, 1139 (Fla. 4th DCA 2005).
Here, it is undisputed that McKenzie's 2009 offense qualified him as a sexual predator and that had he been so designated at the time of sentencing, the designation would have been lawful. However, as discussed above, the felony division court no longer had jurisdiction over McKenzie's case because he had completed his sentence. See, e.g. , Almond , 89 So.3d at 1058 ("From the opinion in [ Cuevas ], it appears that the state filed its motion to designate the defendant as a sexual predator in a court that had ceased to have jurisdiction over the criminal case and over the defendant."). Accordingly, the State was required to argue an alternative jurisdictional basis to support the trial court's action below. As in Cuevas , the State argued that the trial court's jurisdiction was conferred by section 775.21(5)(c).
Before addressing section 775.21(5)(c), it is first necessary to discuss section 775.21(5)(a). That statute references three types of proceedings in which a trial court is to designate an otherwise qualified offender to be a sexual predator. Subsection 775.21(5)(a)1. sets forth the procedure to be followed when an offender is determined to be a sexually violent predator pursuant to a civil commitment proceeding under Chapter 394. Subsection 775.21(5)(a)2. sets forth the procedure to be followed when an offender is before the court for sentencing. Subsection 775.21(5)(a)3. sets forth the procedure to be followed when the offender was civilly committed or committed a similar criminal sexual offense in another jurisdiction, but has established or maintained a permanent, temporary, or transient residence in Florida. McKenzie was an offender who should have been, but was not, designated as a sexual predator at the time of sentencing. § 775.21(5)(a) 2., Fla. Stat. (2009).
Section 775.21(5)(c), the section relied upon by the State to confer jurisdiction, provides, in relevant part, as follows:
If the Department of Corrections, the department, or any other law enforcement agency obtains information which indicates that an offender meets the sexual predator criteria but the court did not make a written finding that the offender is a sexual predator as required in paragraph (a), the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney who prosecuted the offense for offenders described in subparagraph (a)1., or the state attorney of the county where the offender establishes or maintains a residence upon first entering the state for offenders described in subparagraph (a)3. The state attorney shall bring the matter to the court's attention in order to establish that the offender meets the sexual predator criteria.
Notably, this section references subsections (5)(a)1. and (5)(a)3., but fails to reference subsection (5)(a)2.-the subsection applicable to McKenzie.
*811 In Cuevas , the majority concluded that the failure of section (5)(c) to reference subsection (5)(a)2. did not mean that the State could not seek a belated designation of an individual who had not been so designated at sentencing, notwithstanding the fact that the defendant had completed his sentence:
A careful reading of the special language applicable to the two categories ( section 775.21(5)(a) 1. and 3.) reveals that those are special notice and venue rules for those special cases, not exclusive descriptions of the only circumstances in which the State can perform its duty after the defendant is sentenced.
Cuevas , 31 So.3d at 292. In support of its statutory interpretation, the majority referenced the extensive legislative findings regarding the "extreme threat to the public safety" posed by an individual who qualified as a sexual predator. Id.
In his dissent, Judge Shepherd argued that based on its plain language, section (5)(c) did not provide a "recapture" provision for offenders described in subsection (5)(a)2.
However, [ section 775.21(5)(c) ] ... is inapplicable on its face because subparagraph (a)1 pertains only to offenders who have been civilly committed under the Jimmy Ryce Act, § 394.910, Fla. Stat. (2000), and subparagraph (a)3 pertains to persons who have committed a similar violation in another jurisdiction. By its terms, this subsection does not include offenders described in section 775.21(a) 2, the category in which Cuevas falls.
Id. at 294. Judge Shepherd argued that where, as in the instant case, the language of the statute is plain and unambiguous, the statute should be interpreted in accordance with its plain language. Id.
We agree with the rationale set forth in Judge Shepherd's dissent. As Judge Shepherd aptly noted, "we must apply the law we have, not the law we wish we had." Id. at 295. Here, section 775.21(5)(c) did not grant authority to the trial court to belatedly designate McKenzie as a sexual predator.
REVERSED and REMANDED; CONFLICT CERTIFIED.
ORFINGER and EDWARDS, JJ., concur.

Individuals designated as sex offenders are required to comply with the registration requirements set forth in section 943.0435, Florida Statutes.