# Supreme Court of Florida

---

No. SC19-912

---

**STATE OF FLORIDA,**
Petitioner,

vs.

**BRIAN K. MCKENZIE,**
Respondent.

September 23, 2021

PER CURIAM.

The issue in this case is whether a circuit court has jurisdiction to impose a sexual predator designation on an offender who qualifies under section 775.21, Florida Statutes (2018), the Florida Sexual Predators Act, when the sentencing court did not impose the designation at sentencing and the offender's sentence has been completed. This case is before the Court for review of the decision of the Fifth District Court of Appeal in *McKenzie v. State*, 272 So. 3d 808 (Fla. 5th DCA 2019), which decided the issue by holding that imposition of the designation was precluded. The Fifth

District certified that its decision is in direct conflict with the decision of the Third District Court of Appeal in *Cuevas v. State*, 31 So. 3d 290 (Fla. 3d DCA 2010). We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const. Because we reject the Fifth District's conclusion that the circuit court was deprived of jurisdiction to impose the sexual predator designation in such circumstances, we quash *McKenzie* and approve *Cuevas*.

## BACKGROUND

In 2009, as part of a negotiated plea agreement with the State, Brian K. McKenzie entered a no contest plea to one count of engaging in sexual activity with a child while in a position of familial or custodial authority, in violation of section 794.011(8)(b), Florida Statutes (2002). In accordance with the written plea agreement, McKenzie was sentenced to six months' incarceration, followed by two years of sex offender community control, followed by three years of sex offender probation. Neither McKenzie nor the State appealed the sentence.

McKenzie completed all portions of his sentence in 2015. Based on the completion of McKenzie's sentence, the Department of

Corrections informed McKenzie that he was no longer under its supervision.

In 2018, the State filed a notice with the trial court, stating that McKenzie's original offense, violation of section 794.011(8)(b), was an enumerated offense under section 775.21—which obligated the trial court to designate McKenzie as a sexual predator. McKenzie filed a written objection, asserting that the court no longer had jurisdiction in the matter because he had completed all the terms of his criminal sentence. The trial court set a hearing on the issue.

After the hearing, the trial court determined that section 775.21 placed an obligation on the court to designate McKenzie as a sexual predator and that McKenzie must comply with the registration requirements for those given such a designation. The trial court relied on the Third District's *Cuevas* opinion, the only district court opinion that then had directly answered the issue before the trial court: whether a trial court has jurisdiction to impose a sexual predator designation under section 775.21 when the offender's sentence has already been completed. *See Cuevas*, 31 So. 3d at 291-92 (holding that "designation as a sexual predator

- 3 -

[under section 775.21] may be ordered *after* a defendant has served his sentence and been released" (emphasis added)). McKenzie appealed the trial court's decision.

Upon appeal, the Fifth District held that section 775.21 does not grant jurisdiction to a trial court to impose a sexual predator designation on an offender when the offender's sentence has already been completed. *McKenzie*, 272 So. 3d at 808-09, 811 ("We conclude that the trial court lacked jurisdiction to enter the order . . . . [S]ection 775.21 . . . did not grant authority to the trial court to belatedly designate McKenzie as a sexual predator."). In reaching its holding, the Fifth District noted that section 775.21(5)(a) "references three types of proceedings in which a trial court is to designate an otherwise qualified offender to be a sexual predator." *Id.* at 810. The court made the following observations regarding section 775.21(5)(a):

> [S]ection 775.21(5)(a)1. sets forth the procedure to be followed when an offender is determined to be a sexually violent predator pursuant to a civil commitment proceeding under Chapter 394. [S]ection 775.21(5)(a)2. sets forth the procedure to be followed when an offender is before the court for sentencing. [S]ection 775.21(5)(a)3. sets forth the procedure to be followed when the offender was civilly committed or committed a similar criminal sexual offense in another jurisdiction,

- 4 -

but has established or maintained a permanent, temporary, or transient residence in Florida.

*Id.* The court stated further, "McKenzie was an offender who should have been, but was not, designated as a sexual predator at the time of sentencing." *Id.* (citing § 775.21(5)(a)2., Fla. Stat. (2009)).

The Fifth District focused on section 775.21(5)(c), which states in part:

> If the Department of Corrections, the [D]epartment [of Law Enforcement], or any other law enforcement agency obtains information which indicates that an offender meets the sexual predator criteria but the court did not make a written finding that the offender is a sexual predator as required in paragraph (a), the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney who prosecuted the offense for offenders described in subparagraph (a)1., or the state attorney of the county where the offender establishes or maintains a residence upon first entering the state for offenders described in subparagraph (a)3.

The court stated, "Notably, . . . section [775.21(5)(c)] references subsections (5)(a)1. and (5)(a)3., but fails to reference subsection (5)(a)2.—the subsection applicable to McKenzie." *McKenzie*, 272 So. 3d at 810.

The Fifth District reasoned that the absence of a reference to section 775.21(5)(a)2. in section 775.21(5)(c) means that section 775.21(5)(c) does "not provide a 'recapture' provision for offenders

- 5 -

described in subsection (5)(a)2." *Id.* at 811 (citing *Cuevas*, 31 So. 3d at 292 (Shepherd, J., dissenting)). Accordingly, the Fifth District concluded, for offenders who fall under section 775.21(5)(a)2., section 775.21 does not grant jurisdiction to trial courts to designate the offender as a sexual predator if the offender's sentence has already been completed. *Id.* The Fifth District reversed, remanded, and certified conflict with the Third District's *Cuevas* opinion. *Id.*

### The Certified Conflict Case: *Cuevas*

Defendant Cuevas "entered a plea of guilty to charges of lewd and lascivious molestation on a child under 12 and lewd and lascivious conduct on a child under 16, in violation of sections 800.04(5)(b) and 800.04(6)(b), Florida Statutes (2000)," which were enumerated offenses under section 775.21. *Cuevas*, 31 So. 3d at 291. Cuevas was sentenced to 56 months of incarceration, but the trial court failed to designate Cuevas as a sexual predator at the time of sentencing. *Id.* Shortly before Cuevas was released from incarceration, the State filed a motion with the trial court to designate Cuevas as a sexual predator under section 775.21. *Id.* Cuevas was released from incarceration prior to the trial court

setting a hearing on the State's motion. *Id.* After the hearing, the trial court granted the State's motion to designate Cuevas a sexual predator under section 775.21. *Id.* Cuevas appealed.

Upon appeal, the Third District held that when an offender was required to be designated a sexual predator under 775.21 at the time of sentencing but the trial court failed to meet that requirement, section 775.21(5)(a)2. does not bar the trial court's subsequent exercise of jurisdiction. *Id.* The court may still impose the sexual predator designation after the completion of the offender's sentence. *Id.* In reaching its holding, the Third District noted that section 775.21(4)(a) places an obligation on the trial court to designate an offender as a sexual predator. *Id.* n.2 (noting that section 775.21(4)(a) states that "an offender shall be designated" as a sexual predator).

The court then turned its attention to section 775.21(5)(c). *Id.* at 292. The Third District explicitly rejected the argument that the mentioning of sections 775.21(5)(a)1. and 775.21(5)(a)3. in section 775.21(5)(c) thwarted the trial court's jurisdiction. *Id.* The court stated that "[a] careful reading of the special language applicable to the two categories (section[s] 775.21(5)(a)1. and [775.21(5)(a)]3.)

reveals that those are special notice and venue rules for those special cases, not exclusive descriptions of the only circumstances in which the State can perform its duty after the defendant is sentenced." *Id.* (footnote omitted). The court explained further:

> In the case of [s]ection 775.21(5)(a)1., a sexually violent predator under [s]ection 775.21(4)(d), one of the three enumerated state offices *must* notify the state attorney who prosecuted the offense. In the case of [s]ection [775.21](5)(a)3., a sexual predator who was convicted of a qualifying offense in another jurisdiction before establishing or maintaining a residence in a Florida county, notice is to be given to the state attorney of that new county. In the case of a person like Cuevas, indisputably qualified to be designated a sexual predator but not designated at sentencing as the Legislature directed, no special notifications or interjurisdictional rules are required, and [s]ection 775.21(5)(c) then specifies (without limitation) that the "state attorney shall bring the matter to the court's attention in order to establish that the offender meets the sexual predator criteria."

*Id.* n.3 (quoting § 775.21(5)(c), Fla. Stat.).

## ANALYSIS

To resolve the certified conflict, we are called upon to determine whether a circuit court has jurisdiction to impose a sexual predator designation on an offender who qualifies under section 775.21, when the designation was not imposed at sentencing and the offender's sentence has been completed. This

- 8 -

question of statutory interpretation is subject to de novo review. *See Bay Cnty. v. Town of Cedar Grove*, 992 So. 2d 164, 167 (Fla. 2008).

As we have stated, "In interpreting . . . statute[s], we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.' " *Ham v. Portfolio Recovery Associates, LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). "[E]very word employed in [a legal text] is to be expounded in its plain, obvious, and common sense, unless the context furnishes some ground to control, qualify, or enlarge it." Joseph Story, *Commentaries on the Constitution of the United States* 157-58 (1833), *quoted in* Scalia & Garner, *Reading Law* at 69. "Context always matters" because "sound interpretation requires paying attention to the whole law, not homing in on isolated words or even isolated sections." *King v. Burwell*, 576 U.S. 473, 500-01 (2015) (Scalia, J., dissenting). Context is important as "a tool for understanding the terms of the law, not an excuse for rewriting them." *Id.* at 501.

In addressing section 775.21, we first focus our attention on section 775.21(4), which sets forth who can be designated as a sexual predator. Section 775.21(4)(a) lists enumerated offenses, as well as "violation[s] of . . . similar law[s]" of other jurisdictions that warrant the sexual predator designation. Additionally, section 775.21(4)(d) states that "[a]n offender who has been determined to be a sexually violent predator pursuant to a civil commitment proceeding under chapter 394" is a sexual predator. In both cases, i.e., offenders who qualify as sexual predators from either their criminal offense or civil commitment, the offender "*shall* be designated as a 'sexual predator.' " § 775.21(4)(a), (d), Fla. Stat. (emphasis added). The use of the word "shall" makes clear that the Legislature imposed a substantive duty on the court to give the sexual predator designation for these offenders.

Section 775.21(5)(a) then places procedural requirements on the court as a means of carrying out the substantive purpose of the Legislature to impose the sexual predator designation on qualifying offenders. First, section 775.21(5)(a)1. pertains to those offenders who qualify as sexual predators as a result of civil commitment under chapter 394. Next, section 775.21(5)(a)2. refers to offenders

- 10 -

who are before the court for sentencing for the enumerated offenses under section 775.21(4)(a). Stated in full, section 775.21(5)(a)2. provides:

> An offender who meets the sexual predator criteria described in paragraph (4)(a) who is before the court for sentencing for a current offense committed on or after October 1, 1993, *is a sexual predator, and the sentencing court must make a written finding at the time of sentencing that the offender is a sexual predator*, and the clerk of the court shall transmit a copy of the order containing the written finding to the department within 48 hours after the entry of the order . . . .

(Emphasis added.) Lastly, section 775.21(5)(a)3. pertains to offenders who meet the sexual predator designation criteria based on a civil commitment or criminal offense that occurred previously in another jurisdiction and who now maintain permanent, temporary, or transient residence in Florida. In each of the three subsections of section 775.21(5)(a), for those offenders who qualify as sexual predators, the court is obligated to impose the designation and "make a written finding" of the offender's sexual predator status. § 775.21(5)(a)1.-3., Fla. Stat.

Section 775.21(5)(a)2. addresses offenders at sentencing but does not directly address the category of offenders that are at issue here: offenders who were statutorily mandated to be designated as

sexual predators at sentencing but were not.  But we cannot reasonably read the procedural directions under section 775.21(5)(a)2. regarding the timing of the designation in a way that defeats the Legislature's substantive mandate to impose the sexual predator designation.

Section 775.21(5)(a)2. is simply one procedural mechanism designed to implement the Legislature's substantive policy of protecting the public from sexual predators.  The Legislature made clear:

> The state has a compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity, and there is sufficient justification for requiring sexual predators to register and for requiring community and public notification of the presence of sexual predators.
>
>       . . . It is the purpose of the Legislature that, upon the court's written finding that an offender is a sexual predator, in order to protect the public, it is necessary that the sexual predator be registered with the department and that members of the community and the public be notified of the sexual predator's presence.

§ 775.21(3)(c)-(d), Fla. Stat.  Prohibiting the sexual predator designation because of the sentencing court's failure to act timely under section 775.21(5)(a)2. would directly thwart the Legislature's stated purpose under section 775.21(3).  And nothing in the

- 12 -

statutory scheme can be reasonably understood to preclude imposing the statutorily mandated designation when the sentencing court has failed to follow the direction contained in section 775.21(5)(a)2. The statutory scheme provides no basis for concluding that a fumble by the sentencing court should immunize a sexual predator from the legally required designation and registration.

Contrary to the Fifth District's analysis in *McKenzie*, we do not read section 775.21(5)(c) as limiting a court's jurisdiction for offenders under section 775.21(5)(a)2. Section 775.21(5)(c) states:

> If the Department of Corrections, the department, or any other law enforcement agency obtains information which indicates that an offender meets the sexual predator criteria but the court did not make a written finding that the offender is a sexual predator as required in paragraph (a), the Department of Corrections, the department, or the law enforcement agency shall *notify* the state attorney who prosecuted the offense for offenders described in subparagraph (a)1., or the state attorney of the county where the offender establishes or maintains a residence upon first entering the state for offenders described in subparagraph (a)3. The state attorney *shall bring the matter to the court's attention* in order to establish that the offender meets the sexual predator criteria. If the state attorney fails to establish that an offender meets the sexual predator criteria and the court does not make a written finding that an offender is a sexual predator, the offender is not required to register with the department as a sexual predator. The

> Department of Corrections, the department, or any other
> law enforcement agency shall not administratively
> designate an offender as a sexual predator without a
> written finding from the court that the offender is a
> sexual predator.

(Emphasis added.)

We agree with the Third District in *Cuevas*: Section 775.21(5)(c) simply sets forth certain notice requirements for offenders under sections 775.21(5)(a)1. and 775.21(5)(a)3. For these offenders, section 775.21(5)(c) simply places an obligation on the department or another law enforcement agency to "notify" the appropriate state attorney, who in turn must "bring the matter to the court's attention." Section 775.21(5)(c) goes on to state that the offender is not obligated to register with the department unless the State brings the matter to the court's attention and the court then makes a written finding that the offender qualifies as a sexual predator. But nothing in section 775.21(5)(c) places a restriction on the court's jurisdiction over those offenders who were required to be designated as sexual predators at sentencing but were not. The text contains no such express restriction and the implication of such a restriction is unreasonable given the whole statutory context. This provision of the statute is designed to help ensure

that sexual predators do not escape designation as such. It is not designed to require that a judicial fumble will guarantee that a sexual predator will forever escape designation and the attendant consequences.

We thus reject the view that the absence of a mechanism in subparagraph (c) specifically addressing the type of error presented by this case—a failure to impose the required designation at sentencing—implies that the error is beyond subsequent remedy. An interpretation should not be imposed on the statutory text by implication when that interpretation contradicts the manifest purpose of the text as well as an unequivocal requirement stated in the text.

Lastly, we address the relationship between section 775.21 and the criminal offenses that can give rise to the sexual predator designation. The imposition of sexual predator status under section 775.21 is related to the underlying criminal offense—but is not itself a sentence or punishment. "The designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes." § 775.21(3)(d), Fla. Stat.; *see also Kelly v. State*, 795 So. 2d 135,

138 (Fla. 5th DCA 2001) ("[T]he sexual predator designation is part of a substantive statutory enactment designed and intended to accomplish . . . policy objectives, [and] the courts have recognized that the designation is neither a sentence nor a punishment."). Thus, arguments which contend that a court surrenders jurisdiction over an offender because the offender's sentence has been completed are flawed. The Legislature merely used the underlying criminal offense as a basis of classification for sexual predators, separate and distinct from a sentence or punishment.

Section 775.21 is plainly applicable to offenders for which this state never had jurisdiction over the original criminal offense. *See* § 775.21(4)(a), (5)(a)3., Fla. Stat. So it cannot be the case that the jurisdiction of the court to impose the sexual predator designation is tethered to the original court's jurisdiction regarding imposition of the underlying criminal sentence. Completion of the underlying criminal sentence does not abrogate jurisdiction.

## CONCLUSION

We conclude that a circuit court has jurisdiction to impose a sexual predator designation on an offender who qualifies under section 775.21, when the sentencing court did not impose the

designation at sentencing and the offender's sentence has been completed. We therefore quash *McKenzie* and approve *Cuevas*.

It is so ordered.

CANADY, C.J., and MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
COURIEL, J., concurs with an opinion.
POLSTON, J., dissents with an opinion, in which LABARGA and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

COURIEL, J., concurring.

I agree with the majority's conclusion and the reasoning of the Third District in *Cuevas v. State*, 31 So. 3d 290 (Fla. 3d DCA 2010), that section 775.21(5)(c) does not divest a trial court of jurisdiction to designate a person as a sexual predator at any time after conviction of an offense listed in section 775.21(4)(a). That is because, for one thing, "[s]ection 775.21(5)(c) simply sets forth certain notice requirements for offenders . . . [and] places an obligation on the department or another law enforcement agency to 'notify' the appropriate state attorney, who in turn must 'bring the matter to the court's attention.' " Majority op. at 14; *see also Cuevas*, 31 So. 3d at 291-92. I do not see in the plain words of this

- 17 -

provision, or in the part it plays in the structure of the Florida Sexual Predators Act as a whole, a decision by the Legislature to thwart the purpose of the statute expressly stated in section 775.21(3)(d).  In that way, today's decision applies the long-settled rule that "[a] textually permissible interpretation that furthers rather than obstructs the document's purpose should be favored." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 63 (2012).

What is more, the statute does not take from the trial court jurisdiction it would have otherwise had to entertain an effort by the State to seek Brian K. McKenzie's designation as a sexual predator. That designation is, the statute says, "neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes."  § 775.21(3)(d), Fla. Stat. (2018).  It is not, for example, the imposition of a term of a sentence upon a defendant, *see Advisory Opinion to the Governor re Implementation of Amendment 4, the Voting Restoration Amendment,* 288 So. 3d 1070, 1081-82 (Fla. 2020), so much as it is the trial court's command that certain actions be taken by public officers to comply with the

expressly stated purpose of the Florida Sexual Predators Act.[1] These actions are ministerial duties, neither requiring nor permitting the exercise of discretion by the trial court, the Department of Law Enforcement, or the Department of Corrections.

For this reason, the State might have sought a writ of mandamus from the circuit court requiring the Department of Corrections to designate McKenzie as a sexual predator. Art. V, § 5(b), Fla. Const.; *see also Pleus v. Crist*, 14 So. 3d 941, 945 (Fla. 2009) (To be entitled to mandamus relief, "the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." (quoting *Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000))); Philip J. Padovano, *Florida Civil Practice* § 30:1 (2021 ed.) ("Mandamus is a

---

[1]. It stands to reason, therefore, that the statute affords McKenzie no right to contest the designation once the factual predicate for it has been established: it is not a sanction directed at him. We have recently found the absence of such a requirement to be meaningful where, as here, the statute commands as mandatory a certain action by the court in the performance of its duties at sentencing. *Cf. State v. J.A.R.*, 318 So. 3d 1256 (Fla. 2021) (trial court was not required to provide defendant notice and hearing prior to imposing a statutorily required, mandatory fee of $100 at sentencing).

common law remedy to enforce an established legal right by compelling a public officer or agency to perform a ministerial duty required by law.").

POLSTON, J., dissenting.

I dissent from the majority's decision holding that a circuit court has jurisdiction to belatedly impose a sexual predator designation on an offender who qualifies under section 775.21, Florida Statutes (2018), the Florida Sexual Predators Act, when the sentencing court failed to impose the designation at sentencing, and the offender's sentence has been complete for over three years.

I agree with the reasoning set forth in Judge Shepherd's dissenting opinion in the Third District Court of Appeal's decision in *Cuevas v. State*, 31 So. 3d 290 (Fla. 3d DCA 2010), and would conclude that a plain reading of section 775.21(5)(c) does not grant a circuit court authority to designate a sexual predator once the sentence has been completed. Accordingly, I would approve the Fifth District Court of Appeal's decision in *McKenzie v. State*, 272 So. 3d 808 (Fla. 5th DCA 2019), and disapprove the Third District's decision in *Cuevas*.

# I. BACKGROUND

The Fifth District in *McKenzie* set forth the following facts:

Brian K. McKenzie appeals an order designating him as a sexual predator under section 775.21, Florida Statutes (2018). The order was entered after McKenzie had completed his sentence. We conclude that the trial court lacked jurisdiction to enter the order and, accordingly, reverse. In doing so, we certify conflict with *Cuevas v. State*, 31 So. 3d 290 (Fla. 3d DCA 2010).

On October 28, 2009, McKenzie entered a nolo contendere plea to one count of engaging in sexual activity with a child while in a position of familial or custodial authority, in violation of section 794.011(8)(b), Florida Statutes (2009). Pursuant to a negotiated plea agreement, McKenzie was sentenced to six months' incarceration, followed by two years of sex offender community control, followed by three years of sex offender probation. The trial court further found that McKenzie qualified as a sex offender. Neither party appealed the judgment and sentence.

McKenzie served his jail time and successfully completed his community control and probation. The sentence was completed in April 2015, and McKenzie was notified by the Department of Corrections that he was no longer under supervision.

Three years later, the State filed a notice with the trial court, requesting that McKenzie be designated a sexual predator. After a hearing, and over McKenzie's objection, the trial court entered an order designating McKenzie a sexual predator and ordering him to comply with the registration requirements set forth in section 775.21, Florida Statutes (2018). At the time the trial court entered its order, *Cuevas* was the only Florida appellate court opinion directly addressing the issue of whether a sexual predator designation order may be entered after a defendant has completed his sentence.

> The trial court appropriately relied on *Cuevas* in entering its order.

272 So. 3d at 808-09 (footnote omitted).

On appeal, the Fifth District explained that pursuant to the text of section 775.21 and other caselaw interpreting the statute, designating a sexual predator is a mandatory duty intended to take place at sentencing but that a trial court still has jurisdiction to designate a sexual predator while the sentence is being served. *Id.* at 809. The Fifth District then discussed the established rule that a trial court in a criminal proceeding loses subject matter jurisdiction over an offender once the probationary sentence is finished. *Id.* at 810.

Turning to the facts of this case, the Fifth District concluded that McKenzie was an offender who should have been, but was not, designated at the time of sentencing under subparagraph (5)(a)2. but that subsection (5)(c) only expressly mentions subparagraphs (5)(a)1. and (5)(a)3. *Id.* at 810-11. Concluding that Judge Shepherd's dissent in *Cuevas* correctly interpreted the statute based on its plain language, the Fifth District held that section 775.21(5)(c) did not grant the circuit court jurisdiction to belatedly

designate McKenzie as a sexual predator and reversed. *McKenzie*, 272 So. 3d at 811. The Fifth District also certified conflict with *Cuevas*, and this appeal followed. *McKenzie*, 272 So. 3d at 811.

## II.  ANALYSIS

The majority holds that section 775.21 confers jurisdiction on a trial court to designate a sexual predator after he is sentenced and completes his probation. I disagree because the plain language of section 775.21 does not expressly grant a trial court this authority.

A court's determination of the meaning of a statute begins with the language of the statute. *See Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018) (citing *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)). If that language is clear, the statute is given its plain meaning, and the court does "not look behind the statute's plain language for legislative intent or resort to rules of statutory construction." *City of Parker v. State*, 992 So. 2d 171, 176 (Fla. 2008) (quoting *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005)).

The Florida Sexual Predator Act provides for the registration and public notification of sexual predators. *See* § 775.21, Fla. Stat.

- 23 -

(2018). Originally enacted in 1993 and amended in 1996, the Act now sets forth a detailed process for designating sexual predators, which requires a written finding and designation by a trial court. *See Therrien v. State*, 914 So. 2d 942, 946 (Fla. 2005); *see also* ch. 96-388, § 61, Laws of Fla. The Act describes legislative findings and purposes in subsection (3), the criteria for qualifying as a sexual predator in subsection (4), and the process for designating qualifying offenders in subsection (5). *See* § 775.21(3)-(5). A sexual predator designation is neither a sentence nor a punishment. *See* § 775.21(3)(d) ("The designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes."). "Under the 1996 amendment, and continuing up to the present, the duty to register [as a sexual predator] is triggered solely by the trial court's finding that the offender is a sexual predator." *Therrien*, 914 So. 2d at 946. And, under subsection (4)(c), an offender is not designated as a sexual predator unless there has been a written finding by a court that the offender meets the sexual predator criteria. § 775.21(4)(c).

An offender may qualify as a sexual predator in three ways. First, and foremost for this case, an offender may qualify by being

convicted of an enumerated current offense. § 775.21(4)(a).

Second, an offender may qualify by committing a comparable offense in another jurisdiction. § 775.21(4)(a)1.a.-b. Third, "[a]n offender who has been determined to be a sexually violent predator pursuant to a civil commitment proceeding" automatically qualifies as a sexual predator under the Act. § 775.21(4)(d).

Most pertinent to the question before this Court, section 775.21(5) details the process by which a qualifying offender may be designated as a sexual predator:

> **(5) Sexual predator designation.**--An offender is designated as a sexual predator as follows:
>
> (a) 1. An offender who meets the sexual predator criteria described in paragraph (4)(d) is a sexual predator, and the court shall make a written finding at the time such offender is determined to be a sexually violent predator under chapter 394 that such person meets the criteria for designation as a sexual predator for purposes of this section. The clerk shall transmit a copy of the order containing the written finding to the department within 48 hours after the entry of the order;
>
> 2. An offender who meets the sexual predator criteria described in paragraph (4)(a) who is before the court for sentencing for a current offense committed on or after October 1, 1993, is a sexual predator, and the sentencing court must make a written finding at the time of sentencing that the offender is a sexual predator, and the clerk of the court shall transmit a copy of the order

containing the written finding to the department within 48 hours after the entry of the order; or

3. If the Department of Corrections, the department, or any other law enforcement agency obtains information which indicates that an offender who establishes or maintains a permanent, temporary, or transient residence in this state meets the sexual predator criteria described in paragraph (4)(a) or paragraph (4)(d) because the offender was civilly committed or committed a similar violation in another jurisdiction on or after October 1, 1993, the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney of the county where the offender establishes or maintains a permanent, temporary, or transient residence of the offender's presence in the community. The state attorney shall file a petition with the criminal division of the circuit court for the purpose of holding a hearing to determine if the offender's criminal record or record of civil commitment from another jurisdiction meets the sexual predator criteria. If the court finds that the offender meets the sexual predator criteria because the offender has violated a similar law or similar laws in another jurisdiction, the court shall make a written finding that the offender is a sexual predator.

When the court makes a written finding that an offender is a sexual predator, the court shall inform the sexual predator of the registration and community and public notification requirements described in this section. Within 48 hours after the court designating an offender as a sexual predator, the clerk of the circuit court shall transmit a copy of the court's written sexual predator finding to the department. If the offender is sentenced to a term of imprisonment or supervision, a copy of the court's written sexual predator finding must be submitted to the Department of Corrections.

. . . .

- 26 -

(c) If the Department of Corrections, the department, or any other law enforcement agency obtains information which indicates that an offender meets the sexual predator criteria but the court did not make a written finding that the offender is a sexual predator as required in paragraph (a), the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney who prosecuted the offense for offenders described in subparagraph (a)1., or the state attorney of the county where the offender establishes or maintains a residence upon first entering the state for offenders described in subparagraph (a)3. The state attorney shall bring the matter to the court's attention in order to establish that the offender meets the sexual predator criteria. If the state attorney fails to establish that an offender meets the sexual predator criteria and the court does not make a written finding that an offender is a sexual predator, the offender is not required to register with the department as a sexual predator. The Department of Corrections, the department, or any other law enforcement agency shall not administratively designate an offender as a sexual predator without a written finding from the court that the offender is a sexual predator.

§ 775.21(5).

Subsection (5)(a) provides separate processes for offenders who have been civilly committed, convicted of a current offense, or convicted in another jurisdiction. *See* § 775.21(5)(a)1.-3. Subparagraph (5)(a)2. is the operative subsection for an offender,

like McKenzie, who could have been designated as a sexual predator by the trial court at sentencing.[2]

The plain language of subparagraph (5)(a)2. only grants a trial court the authority to designate a sexual predator at the time of sentencing. § 775.21(5)(a)2. (providing that an offender who has been convicted of a qualifying offense in subsection (4)(a) "who is before the court for sentencing for a current offense committed on or after October 1, 1993, is a sexual predator" and must be designated as such). Further, it mandates that the trial court imposing the designation "must make a written finding at the time of sentencing that the offender is a sexual predator." *Id.* These provisions expressly limit a trial court's authority to designate a sexual predator to the time when the offender is before the court for sentencing, and thus a trial court does not have jurisdiction to designate a sexual predator after he has completed his sentence under this subparagraph.

---

2. Subparagraph (5)(a)1. applies to offenders who have been civilly committed and (5)(a)3. applies to offenders convicted in an outside jurisdiction, so neither applies in a case where an offender was convicted of a qualifying offense in a Florida court.

Section 775.21(5)(c) is a "recapture" provision that provides for designation of a qualifying offender in the event a court did not make a written finding as required in subsection (a). Specifically, subsection (5)(c) provides that if a law enforcement agency obtains information that an offender meets the criteria as a sexual predator but was not designated at sentencing, the agency shall inform a state attorney who must then bring the matter before a trial court for a written determination. § 775.21(5)(c). By its plain language, this provision applies to those offenders upon whom the trial court was required to, but did not, impose the sexual predator designation at sentencing. But the provision specifies that an agency is required to notify the state attorney who prosecuted the offense for offenders described in subparagraph (a)1. and subparagraph (a)3., neither of which is applicable to this case. Subsection (5)(c) fails to reference subsection (5)(a)2.—the subsection applicable to McKenzie. *See Cuevas*, 31 So. 3d at 294 (Shepherd, J., dissenting) ("However, [section 775.21(5)(c)] . . . is inapplicable on its face because subparagraph (a)1 pertains only to offenders who have been civilly committed under the Jimmy Ryce Act, § 394.910, Fla. Stat. (2000), and subparagraph (a)3 pertains to

- 29 -

persons who have committed a similar violation in another jurisdiction. By its terms, this subsection does not include offenders described in section 775.21(a)2, the category in which Cuevas falls."). Accordingly, the plain language of section 775.21(5) does not expressly grant a trial court this authority.

The majority attempts to circumvent the plain language of section 775.21(5)(c) by reading something into section 775.21 that is not there. The majority focuses on the Legislature's use of the language "shall" in section 775.21(4), *see* majority op. at 10, but ignores the remaining language included in that directive that it "shall" be designated *under subsection (5)*, which still subjects the designation to the processes and restrictions set forth in subsection (5). Under subsection (5)(a)2., the designation occurs by a written finding at the time of sentencing. The majority concludes that this subsection does not apply to the category of offenders at issue in this case, and "[t]he statutory scheme provides no basis for concluding that a fumble by the sentencing court should immunize a sexual predator from the legally required designation and registration." *See* majority op. at 12-13. However, the Legislature expressly contemplated a "fumble" by the sentencing court and the

- 30 -

parties when it included a recapture provision in subsection 5(c), which, by its plain language, does not apply to this case. As urged by the State, the majority concludes that subsection 5(c) simply sets forth certain notice requirements. *See* majority op. at 14. However, this Court has previously explained that subsection (5) is a "second chance" provision "applicable to persons who could have been but were not declared sexual predators at sentencing." *See Therrien*, 914 So. 2d at 947. And the plain language of subsection (5)(c) and its express limitations simply do not allow the State to impose McKenzie's sexual predator designation three years after his sentence was completed.

### III. CONCLUSION

I would approve the Fifth District's decision in *McKenzie*, disapprove the Third District's decision in *Cuevas*, and conclude that a plain reading of section 775.21 does not grant a circuit court authority to designate sexual predators once they have completed their sentence.

I respectfully dissent.

LABARGA and LAWSON, JJ., concur.

Application for Review of the Decision of the District Court of Appeal

- 31 -

Certified Direct Conflict of Decisions

Fifth District - Case No. 5D18-2206

(Orange County)

Ashley Moody, Attorney General, Amit Agarwal, Solicitor General, and Jeffrey Paul DeSousa, Deputy Solicitor General, Tallahassee, Florida, and Wesley Heidt, Bureau Chief, Daytona Beach, Florida,

for Petitioner

Terrence E. Kehoe of Law Office of Terrence E. Kehoe, Orlando, Florida,

for Respondent