# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-928
Lower Tribunal No. F12-4353
_____

**Gilberto Alvarez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Gilberto Alvarez, in proper person.

Ashley Moody, Attorney General, for appellee.

Before FERNANDEZ, C.J., and LOGUE and HENDON, JJ.

HENDON, J.

Gilberto Alvarez appeals the denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, challenging the trial court's 2015 finding that Alvarez is a sexual predator pursuant to section 775.21, Florida Statutes (2015). We affirm.

Alvarez was found guilty of one count of capital sexual battery on a minor, and one count of lewd and lascivious conduct on a child under the age of twelve. Alvarez was sentenced to life in prison on both counts. The trial court subsequently entered an order amending the original sentence, finding Alvarez to be a sexual predator pursuant to section 775.21. On appeal, Alvarez argues that the trial court did not have jurisdiction to amend the sentence during the pendency of his appeal absent a proper motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), and the post-judgment designation violated his due process and double jeopardy rights. We disagree.

The designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes. § 775.21, Fla. Stat. (2015). Thus, designation as a sexual predator pursuant to Section 775.21 is "regulatory and procedural in nature," and "[r]egulatory statutes do not constitute punishment." Gonzalez v. State, 808 So. 2d 1265, 1266 (Fla. 3d DCA 2002) (quoting Fletcher v. State, 699 So. 2d

2

346, 347 (Fla. 5th DCA 1997)). See Cuevas v. State, 31 So. 3d 290, 291 (Fla. 3d DCA 2010) (holding that application of section 775.21 "does not violate the ex post facto clause or impermissibly modify a criminal sentence or punishment."); Fletcher, 669 So. 2d at 347 (holding that the sexual predator statute was not a violation of the ex post facto clause nor Florida Rule of Criminal Procedure 3.800 because the designation was neither a sentence nor a punishment but merely a status resulting from the conviction); Boyer v. State, 946 So. 2d 75, 75 (Fla. 1st DCA 2006) (holding that where the alleged error involves a defendant's designation as a sexual predator, the alleged error does not constitute an illegal sentence). Accordingly, we affirm the order under review.

Affirmed.